## The Michigan Insurance Company of Detroit v. Henry H. Brown and Others.

On the hearing of an appeal in Chancery, it was claimed that certain evidence returned as a part of the record should be excluded, on the allegation that it was not actually filed in the Court below, and was not considered by that Court on the hearing. The evidence consisted of the proof of documents set out in the bill, and appeared to have been regularly taken on proper notice. There being no ground for supposing that the party objecting had been taken by surprise, and the transcript of appeal having been on file in this Court for two years, without motion being made to correct it, it was held that the evidence should not be disregarded.

11 MICH.—R.

THE MICHIGAN INSURANCE COMPANY *v.* BROWN.

A mortgage given to secure all existing debts of the mortgagor to the mortgagee is valid without specifying the debts or their amounts. And a subsequent purchaser of the land, with actual or constructive notice of the mortgage takes subject to it.

The remedy by foreclosure of a mortgage in equity is not lost by an action at law upon the debt becoming barred by the statute of limitations.

Such equitable remedy may be pursued at any time before a presumption of payment arises by the lapse of twenty years time. And this presumption differs from a limitation of action at law, in that it is not an absolute bar to the remedy.

Where an action at law upon the debt is barred, a court of equity will not in a foreclosure suit make a personal decree against the mortgagor.

But the mortgagor is a necessary party to the foreclosure, notwithstanding the personal remedy against him is barred.

Indorsements upon a demand are not of themselves evidence of payment to take the case out of the operation of the Statute of Limitations. *Comp. L.* § 5377.

*Heard April* 18*th and* 21*st. Decided May* 12*th.*

Appeal from the Oakland Circuit in Chancery.

The bill was filed against Henry H. Brown as mortgagor, and Kirkland C. Barker and John Windiate as subsequent purchasers or incumbrancers, to foreclose a mortgage given November 29th, 1847, by Brown to complainants, and conditioned for the payment by him of "all sums now due or hereafter to become due," but without specifying any amount. The indebtedness alleged was a bond, dated November 15th, 1847, conditioned for the payment of $11,200 on the first day of December following. Windiate did not defend, and Barker having been once defaulted, was afterwards allowed to file an answer; and his proofs, to show the facts attending his purchase, were taken under a stipulation extending the time for the purpose of allowing him to make proof of those facts. The other facts are sufficiently stated in the opinion. The Court below dismissed the bill, with costs, and complainants appealed.

*S. D. Miller*, for complainants :

The bill should not have been dismissed as to Brown. The Statute of Limitations does not effect the right of complainants so far as the mortgage security is concerned.

25 *Vt.* 324; 19 *Pick.* 525; 8 *Met.* 19; 4 *Cush.* 559; 2 *Conn.* 161; 6 *Conn.* 246; 18 *Conn.* 257; 2 *B. & Ald.* 413; 8 *Geo.* 325; 1 *Bland Ch.* 281; 1 *Ala.* 744; 2. *S. & M.* 696; 11 *Conn.* 160.

The bill should not have been dismissed as to Barker. The proof does not show him to be a bona fide purchaser, and, if it did, the mortgage is still a valid lien upon his title. Such an instrument is not void so long as its terms are sufficiently explicit to admit of application by evidence *aliunde.* 11 *Ohio St.* 232; *Ibid.* 240; 12 *Ohio St.* 38; 3 *Grat.* 148.

Whether a court will enforce the lien as against subsequent purchasers or incumbrancers depends upon the question of notice to them of the existance of the lien.

For the purposes of this case the general rule laid down by Chancellor Kent may be adopted as correct; the record is sufficient if it " give all requisite information as to the extent and certainty of the contract, so that the junior incumbrancer might, by inspection of the record, and by common prudence and ordinary diligence, have ascertained the extent of the incumbrance."

Can the defendant be permitted to protect himself by a narrow application of the registry laws? The parties were accessible; the facts were of such a character as to depend on no contingency; they only required a single inquiry; the evidence was simple—its effect readily comprehended. 31 *Vt.* 131; 9 *Conn.* 286; 5 *Conn.* 442; 3 *Conn.* 150; 7 *Conn.* 387; 6 *Watts,* 57; 2 *Sand. Ch.* 78.

The policy of the registry laws is, so far to divest titles of secrecy that a party may readily ascertain the general facts surrounding and affecting the ownership of lands. It is not their purpose to require that every instrument relating to such titles shall fully set forth to the world the entire transactions of which they are evidence.

Although in some of the earlier Connecticut and New York cases there may be found some reason for the

objection raised to the present mortgage, no principle can be deduced from them which will invalidate the security. And the later authorities fully sustain us. 3 *Cranch*, 73; 7 *Cranch*, 34 ; 1 *Pet.* 386 ; 23 *How.* 14; 16 *Vt.* 300; 31 *Vt.* 112; 31 *Vt.* 142; 13 *Ill.* 254 ; 17 *Ohio*, 382; 15 *Ohio*, 253 ; 20 *Conn.* 427; 17 *Pick.* 407 ; 24 *Pick.* 270; 7 *J. J. Marsh.* 401 ; 3 *Sumn.* 488 ; 29 *Mo.* 301 ; 10 *B. Monr.* 98 ; 11 *N. H.* 251; 2 *Seld.* 147; 15 *N. Y.* 354; 22 *N. Y.* 380 ; 15 *Ala.* 472.

*D. B. Duffield*, for defendants :

There is no proof in the case of any indebtedness by Brown. The only evidence offered is the bond, which ceased to be of any legal effect two years before the filing of the bill. Whenever a bar has been fixed to the legal remedy, a remedy in a court of equity has in analogous cases been confined to the like period. 2 *Story Eq. Juris.* § 1520 *and notes.* But even this evidence is not in the case, it not having been filed in or considered by the Court below.

The mortgage is invalid as to Barker.

I admit that mortgages may be made to secure future advances or liabilities, where no intervening equities exist; but it will, I think, be seen from a review of all the cases sustaining this class of mortgages, either

1st. That they secure some actual debt, specified and stated in the instrument itself, and then provide for future advances in addition; or

2d. That all such future advances are, by the terms of the mortgage, specified at or restricted to a certain sum; or

3d. That their limitation and extent can be readily ascertained, as in the case of liabilities on official bonds, where the penal sum is always given.

It will also be seen from several of the cases, that where mortgages of this sort are given, and a subsisting

debt exists in the hands of the mortgagee against the mortgagor, this should always be described in the mortgage, and that mortgage which refers to no subject matter and are limited to no amount, and to no time of payment, are, as against creditors and bona fide purchasers, unsustained by the courts.

Uncertainty in the condition of a mortgage throws the creditor on the statement of his debtor, who may barricade himself behind any amount of fictitious demand, acting collusively with his mortgagee.

The early cases, especially in Connecticut and New York, will be found very rigid in the construction of instruments of this character. 4 *Conn.* 158; 5 *Ibid.* 448, 449; 6 *Ibid.* 37; 8 *Ibid.* 215; 9 *Ibid.* 288; 10 *Ibid.* 50; 13 *Ibid.* 380; 14 *Ibid.* 77.

The later cases in this State settles this question so far, that future liability mortgages, wherein a specific sum is given as a limitation, are held good. 18 *Conn.* 217; 20 *Ibid.* 427; 28 *Ibid.* 123; 24 *Ibid.* 1. See also the following N. Y. Cases: 18 *Johns.* 544; 1 *Johns. Ch.* 288; 2 *Ibid.* 182; 6 *Ibid.* 417; 7 *Ibid.* 14.

In *Young v. Wilson*, 24 *Barb.* 510 it was held that " a subsequent incumbrancer, is entitled, from the record, to all the information which the parties to the mortgage can reasonably impart."

In *Bank of Utica v. Finch*, 3 *Barb.* 293, the necessity is affirmed of a specified sum when future advances are sought to be secured.

In *Trascott v. King*, 2 *Seld.* 160, pertinent comments on this subject are made by Jewett, J., 161. and Edmonds, J., 166. Vide also, 6 *Barb.* 346; also, 14 *Barb.* 242.

Later New York cases have relaxed somewhat the original rule of severe construction, but I think none of them will be found justifying or upholding mortgages such as the one under consideration.

In Massachusetts, mortgages containing a clause securing

future advances, which is additional to one securing an existing specific demand, have been sustained. 1 *Pick.* 398.

Also a mortgage of this character was sustained where a note was given as collateral. 24 *Pick.* 274.

Other cases where mortgages of this sort have been upheld, might be cited from different States, but all of them seem to have secured a specific debt also, or to have been in some manner limited in amount, or time of payment, or period within which the security should operate. 1 *Pet.* 448; 7 *Rich. Eq.* 283; 10 *B. Monr.* 98; 13 *Ill.* 254; 36 *Me.* 477; 24 *Barb.* 510.

CAMPBELL J.:

The bill in this cause was filed to foreclose a mortgage made by Henry H. Brown and wife to complainants, in November, 1847, conditioned for the payment of "*all sums of money now due or hereafter to become due.*" The bill averred a bond of previous date, conditioned for the payment of $11,200 and interest. The bill was filed July 20th, 1859. To this bill Brown interposed the Statute of Limitations as a defense, and Barker averred in his answer that, on the 21st day of July, 1859, the day after the bill was filed, he purchased the premises from Brown for a valuable consideration (the amount of which was not set forth) without notice of the mortgage, which was, however, on record. He claimed that the mortgage was invalid because not for a sum certain set forth on its face.

The mortgage and bond set forth in the bill were proved as exhibits before the commissioner, and are returned as a part of the record. But defendants claim they should be excluded, on the allegation that they were excluded in the Court below, as not filed in season. Affidavits are filed on both sides.

We have no doubt the proofs are properly in the case. They appear distinctly to have been regularly taken on

proper notice, and if they were not filed earlier than is alleged, ιthe court could not on that account regard them as nullities. Had the case presented any grounds for supposing surprise, that would have afforded some reason below for allowing the cause to stand open for further proofs. But the party is bound to know what proof his adversary takes at the time and place appointed, and, if not seeing fit to attend, he may still ascertain it at any time from the commissioner; and the court will always be liberal in relieving against accident or surprise. In the case before us there is no reason to believe any surprise possible. The testimony consists entirely of documents set out in the bill *verbatim*, and the proof of their execution. Under rule 56 the mortgage, not being denied by the answers, might have been read without being made an exhibit. Although the bond does not prove itself, yet, on being proved, any defense to it must be affirmatively made out. No defense, except the Statute of Limitations, is attempted to be made out by proof; and the stipulation extending time covers only the facts attending Barker's purchase. There is no reason, therefore, why this evidence should be disregarded. And, inasmuch, as the case has been in this Court two years without any motion to strike it out, or to have a new transcript, we should not be disposed in a more doubtful case to permit such *laches.* But the facts of record show that no injustice can be done by retaining this proof.

It is claimed by defendant Barker that this mortgage is invalid for want of certainty in the amount secured. As the complainants do not seek to recover any advances made after Barker's purchase (nor, indeed, any debts accruing after the date of the mortgage), none of the questions in regard to intervening equities arise. The only question presented is whether a mortgage to secure all debts existing, is good without specifying them. Upon a review of the cases which were cited on the argument

we are satisfied that there is no legal objection to such a mortgage. It affords the means of ascertaining by inquiry the amount claimed to be due at any time. The objection that a limit of liability should appear is more specious. than sound. Such a limitation will always be made large enough to cover all contingencies, and leaves it still necessary to make inquiry to learn the real amount secured. And, so far as opportunities for fraud are concerned, such a maximum limit would be quite as convenient a medium of deceit as an open mortgage. As a matter of fact, even when mortgages have been given for specific debts, inquiry is usually necessary to learn the balance unpaid; while mortgages of indemnity introduce not only uncertainty in amount but contingency of liability. And yet there is no respectable authority which vitiates these. Although upon the question raised in this case there are some authorities sustaining the defense, the general course of decision is so clearly the other way that we are satisfied the mortgage must be held valid. We are of opinion the law has been settled correctly, and that the supposed evils of permitting such transactions are no greater than those which attend very many other dealings of undoubted legality. We do not, therefore, deem it necessary to inquire into the good faith or valuable consideration of defendant Barker's alleged purchase.

The defendants claim, however, that the mortgage is barred by the Statute of Limitations. We do not think this ground is tenable. The Statute of Limitations is confined to actions or suits to enforce payment of the contract as a personal demand. Equity follows the analogies of the law in all cases where an analogous relief is sought upon a similar claim. But where the relief sought is in its nature one of equitable and not of legal cognizance, and the remedy is of a purely equitable nature, equity follows its own rules. The foreclosure of mortgages is one of the ancient equitable remedies. Its object is simply

to enforce a lien upon lands by making it absolute unless redeemed. If there were any analogy between this and any legal actions, it would apply to real, not personal actions. But, in regard to mortgages, equity, although raising presumptions from the lapse of time, has not made these presumptions conclusive. And, in the present case, the time has not run long enough to raise the presumption of payment, which in such cases requires a lapse of twenty years. 1 *Story's Eq. Juris.* § 64 *a*, 529; 2 *Story's Eq. Juris.* § 1028 *a*, 1028 *b*, 1519; 2 *Pars. on Cont.* 379. The rule fixing such presumptions at twenty years was adopted undoubtedly in accordance with the limitation of real actions in the common law courts, but it differs from that in not being an absolute bar to the remedy. We think the complainants are entitled to foreclose their mortgage.

The bill under the statute seeks a personal decree against Brown. The power to grant such a decree is not one originally possessed by courts of equity, but is purely statutory, and is given in order to avoid circuity of action by a resort to a suit at law on the debt in addition to a suit in equity to foreclose. It is therefore a mere substitute for a legal action; and must be governed by the rules which would apply at law. The statute allows a personal decree for the balance remaining unsatisfied after sale, "*in the cases in which such balance is recoverable at law.*" If barred at law, it is barred in equity.

The bond in the present suit was due more than ten years before suit was brought. Although payments are indorsed as made within ten years, the statute expressly denies to such indorsements unexplained any weight as evidence of payment, for the purpose of charging the debtor by treating them as an acknowledgment, so as to take the case out of the operation of the law. *Comp. L.* § 5377. In the absence of other testimony, therefore, the statutory bar is complete, and no decree can be made against Brown for the balance which may remain unpaid.

The bill, however, should not have been dismissed against him, as he was a necessary party. He was not only mortgagor but actual owner of the equity of redemption when the bill was filed.

The decree below dismissing the bill must be reversed. A decree must be entered in the usual form, requiring defendants within sixty days to pay the sum of $3,050, with interest from October 1st, 1849, at seven per cent. per annum, and with costs of both courts, and in default of such payment directing a sale in the usual manner, and ordering that such decree be transmitted to the Court below for execution. No personal liability clause for the debt itself will be inserted, as there can be no claim unless the mortgaged premises are inadequate to pay the costs, and then it must be confined to those.

MARTIN CH. J. and CHRISTIANCY J. concurred.

MANNING J. did not sit in this case.