HIRAM SNYDER v. RICHARD WINSOR AND HORACE G. SNOVER.

*Pleadings in justices' courts—Statute of limitations—Proof of indorsements.*

Pleadings in justices' courts are to be liberally construed and amendments to obviate merely technical errors favored.

Suit was brought on a promissory note which was payable one day after date, and had run eight years. The defendant pleaded *non assumpsit* within six years when he should have pleaded *actio non accrevit* within six years. The error being pointed out, he asked leave to amend, but the justice refused it. *Held,* that the plea as it stood fairly apprised the plaintiff of the defense relied upon, namely, the statute of limitations, and the justice should have allowed the defendant the benefit of it, either with or without the amendment.

A note purporting on its face to be eight years overdue had upon it two indorsements, dated within six years of the time of bringing suit upon it. The only proof offered by the plaintiff in the case was that no *other* payments than those indorsed had been made. *Held* that this did not prove or tend to prove the indorsed payments.

Error to Huron. Submitted June 11. Decided June 23.

ASSUMPSIT. Defendant brings error. Reversed.

*James H. Hall,* for plaintiff in error, as to the sufficiency of the notice of defense in the justice's court, cited: *Hurtford v. Holmes* 3 Mich. 460; *Comstock v. Howd* 15 Mich. 237; *Smith v. Dodge* 37 Mich. 354; *Eddy v. Manshaun* 42 Mich. 532. Unexplained indorsements will not take a case out of the statute of limitations: *Mich. Ins. Co. v. Brown* 11 Mich. 265; *Rogers v. Anderson* 40 Mich. 290.

*Winsor & Snover* and *H. B. Carpenter* for defendants in error. *Non assumpsit infra*, etc. is no answer to a count on a promissory note payable at a day later than its date : *Stillwell v. Hasbrouck* 1 Hill 561. A plea answering in form the whole *narr.*, but containing matter legally answering only part of it, is bad : *Wilcox v. Kassick* 2 Mich. 165. A justice has the same power as to amendments as a court of record, before judgment : Tiff. Just. Guide 529 ; *Near. v. Van Alstyne* 14 Wend. 230. The plea of the statute of limitations is a strict defense, and if one omits to plead it he has no right to amend : *Varick v. Jackson* 2 Wend. 166.

COOLEY, J. Defendants in error brought suit upon a promissory note purporting to be made by Snyder, bearing date October 1, 1871, and payable one day after date. Upon the note was an indorsement of $29.69, under date of July 1, 1873, and another of $24, dated 1874, without month or day. Defendant pleaded the general issue, with notice that he did not undertake and promise, etc. within six years.

The suit was begun May 2, 1879, so that all remedy upon the note had been barred for some time when suit was instituted, unless saved by payments. The statute provides that indorsements shall not be evidence of payments for this purpose (Comp. L., § 7164) ; and it therefore became necessary for the plaintiffs to make proof of the payments or of one of them, provided the defense of the statute of limitations was well made.

The plaintiffs insisted before the justice that the notice should have been that the cause of action did not accrue within six years ; and that *non assumpsit* within six years was insufficient. When this objection was made defendant asked leave to amend, but it was denied. Thereupon the case was submitted ; there being no evidence of the payments which were indorsed on the note, though a witness testified that no others had been made.

If the notice of defense was technically insufficient, defendant should have been suffered to amend. He gave a notice, the purpose of which no one could have misunder-

stood, and the objection to it was purely technical. Pleadings in justices' courts must not be subjected to such strict rules ; it is mischievous to permit it, and defeats the purpose for which these courts are created : *Wilcox v. Toledo, etc. R. R. Co.* 43 Mich. 584. But we are inclined to hold the present notice sufficient. Defendant thereby apprised the plaintiffs that he relied upon the statute of limitations ; and had he said that in the fewest possible words it would have been sufficient. Instead of doing so he undertook to put his notice in legal form, and failed to make it express the exact legal idea. But it nevertheless notified the plaintiffs of the defense relied upon, as completely as if it had been correct by the test of strict rules. This is all that should be required in justices' courts.

It is claimed in the brief for defendants in error that the evidence that no *other* payments were made on the note was sufficient to justify the justice in finding that the two which were indorsed were made. But there is no ground for such a claim. There was an entire absence of evidence respecting them; and even if it were admitted they were made, the time of payment needed to be shown, to give them any importance.

The judgment must be reversed, with costs of all the courts.

The other Justices concurred.