•
CITIZENS' SAVINGS BANK *v.* KOCK.

1. MORTGAGES—FUTURE ADVANCES.
   A mortgage to cover future advances is valid.

2. SAME—CONSIDERATION—LIMIT OF SECURITY.
   The consideration named in a mortgage does not limit the amount for which it may stand as security, if, from the whole instrument, the intent to secure future indebtedness is apparent.

3. SAME—INTENT—CONSTRUCTION—EVIDENCE.
   And where the plain terms of the instrument evidence such an intent, they will control, as against a contention of the mortgagor that it was the understanding of the parties that the mortgage was security only for the consideration named.

Appeal from Wayne; McMahon, J., presiding. Submitted April 21, 1898. Decided May 24, 1898.

Bill by the Citizens' Savings Bank against Jacob Kock and Wilhelmina Kock to foreclose certain mortgages. From a decree for complainant, defendants appeal. Affirmed.

*Barbour & Rexford*, for complainant.

*Thomas Hislop*, for defendants.

. MONTGOMERY, J. This is an appeal from a decree of foreclosure. The bill of complaint was filed to foreclose three mortgages, each executed by the defendants upon stated consideration; respectively, $7,000, $3,000, and $2,500. The consideration clause reads substantially the same in each, and is as follows:

"*Witnesseth*, that the said mortgagors, in consideration of the sum of seven thousand dollars, the receipt whereof is acknowledged, and for the purpose of securing the repayment of the said sum, with interest, as hereinafter pro-

117 MICH.—15.

vided, and the performance of the covenants hereinafter contained, hereby mortgage," etc.

This is followed by a covenant to pay to the mortgagee, its successors and assigns, the said sum of $7,000 on or before one year from date.  A later provision is as follows:

"Said mortgagors agree to pay said mortgagee any sum of money which he may now or hereafter owe said mortgagee by reason of any note, check, draft, or other paper upon which his name shall appear, either as maker or otherwise; and this mortgage and its accompanying note, until discharged, is to be a continuing security for payment of any such sum or sums."

The circuit judge found that there was due the complainant $21,522.77.  Defendants have appealed, and contend in this court that the consideration should be limited to the amount named in each mortgage as the consideration.

It is settled that a mortgage to cover future advances is valid.  *Michigan Insurance Co.* v. *Brown*, 11 Mich. 265; 1 Jones, Mortg. § 373.

The amount named as consideration of the mortgage does not limit the amount for which the mortgage may stand as security, if, from the whole instrument, the intent to secure future indebtedness is to be gathered.  *Keyes* v. *Bump's Adm'r*, 59 Vt. 391.

The claim was made by defendant Wilhelmina Kock that she was deceived as to the contents of the mortgage. The learned circuit judge decided that the presumption arising from the execution of the mortgage had not been overcome by the proof offered by the defendants.  We are satisfied upon examination of the record that no misrepresentation was made to the defendants, and that, on the contrary, Mrs. Kock was informed that the instrument was intended to secure all paper indorsed by Mr. Kock.

It is contended, further, that the parties understood that the mortgages were security only for the amount named in each.  The terms of the mortgage must control this question.

The decree will be affirmed, with costs.

The other Justices concurred.