127    181
s86NW 534
130   ²275

## OCOBOCK *v.* MYERS' ESTATE.

1. BILLS AND NOTES—INDORSEMENTS—STATUTE OF LIMITATIONS — APPEAL—RECORD.

A contention that certain indorsements of payment on a promissory note were permitted to go to the jury as evidence to remove the bar of the statute of limitations, *held* not to be sustained by the record.

2. SAME—EVIDENCE OF PAYMENTS.

In an action on a promissory note, evidence that payments were made on a note held by plaintiff, together with some testimony, slight but uncontradicted, tending to show that he held but one note against the payor, is sufficient to justify a finding that the payments were made on the note in suit.

Error to Van Buren; Carr, J.    Submitted May 7, 1901.    Decided June 17, 1901.

Charles C. Ocobock presented a claim against the estate of James Myers, deceased, based on a promissory note. The claim was disallowed in the probate court, and claimant appealed to the circuit, where he recovered a judgment. Defendant brings error.    Affirmed.

*Benjamin F. Heckert*, for appellant.

*Thomas J. Cavanaugh*, for appellee.

MONTGOMERY, C. J.    The claimant recovered a verdict for $548.14 on a claim based upon a note made by deceased in March, 1881.    The question in the case was whether the statute of limitations had run against the note.    The questions of law involved are not numerous.

It is contended by the counsel for the estate that the indorsements were received in evidence, and that this was error.    The record does not indicate very clearly that the circuit judge at any time intended to receive the indorsements.    The record shows that the note was offered in

evidence. The objection urged was that the note was outlawed. The discussion which followed included objections to the indorsements, and the court, in the course of the discussion, said: "Of course, indorsements are not admissible in and of themselves only in connection with the evidence, and it is a question to go to the jury whether the payments were made." After some further colloquy, the court said, further, "The note may be received." Later on, at the close of plaintiff's case, defendant's counsel said, "I would like to have the court just have the face of the note read to the jury, and not have the indorsements referred to." The court replied, "The indorsements are not in evidence, I understand." In addition to this, the court instructed the jury:

"In this case there is no proof that the indorsements appearing on the note were placed there by the direction or with the consent of the maker of the note. Such indorsements are no evidence that any payments were made by the maker of the note, as it is not shown that Myers ever knew of their being made, or that he ever made a payment to apply on this identical note. If entered by the claimant on the note, such entry or indorsement is not evidence, and not even a circumstance, that the maker of the note made payments, unless claimant has shown that the payments were made by the maker to apply on the note, and directed the claimant to indorse them on the note, which you are instructed he has not done."

It is clear, therefore, that the jury were not permitted at any stage of the proceedings to regard these indorsements as evidence of payments, and the allegation of error in that regard must be overruled.

It is also contended that the evidence of payments on the note was incomplete, as the testimony of the witnesses did not identify the note in suit as that upon which the payments were made. The note was not present when the payments were made. The evidence, however, is directed to the point that the payments were made upon a note held by claimant. There was no evidence that he held any other note against decedent, and there is some

testimony, given by his brother, who had access to his papers, that he did not. We are satisfied that it was a question for the jury as to whether the payments were made upon the note in suit, and the charge upon this point was clear and explicit that, unless the payments were made upon this identical note, no recovery could be had.

We find no error. Judgment affirmed.

The other Justices concurred.