## FOWLES v. JOSLYN.

1. LIMITATIONS—EVIDENCE OF PAYMENT.
   An indorsement of payment made by the owner of a note, not in the presence of the maker, is not sufficient evidence of payment to interrupt the running of the statute of limitations. 3 Comp. Laws, § 9744.

2. SAME—NEW PROMISE.
   A verbal statement by the maker of a note, that plaintiff has his notes, is neither evidence tending to show a payment has been made, nor a promise or acknowledgment of continuing liability that will prevent the running of the statute of limitations.

Error to Calhoun; Winsor, J. Submitted January 7, 1902. (Docket No. 7.) Decided April 8, 1902.

Louis Fowles presented a claim against the estate of Betsey C. Holmes, deceased, upon a promissory note. The claim was disallowed by the commissioners on a contest made by James L. Joslyn, administrator, and claimant

appealed to the circuit court, where he obtained a judgment. Defendant brings error. Reversed.

*Joel C. Hopkins* and *Andrew W. Lockton*, for appellant.

*L. E. Clawson* and *F. M. Wadleigh*, for appellee.

MOORE, J. The plaintiff obtained a judgment on a note for $950 dated October 28, 1891, due in one year, which it is admitted is outlawed unless it is taken out of the statute of limitations by a payment January 31, 1895, of $20. The case is brought here by writ of error. The only evidence of the payment is an indorsement on the back of the note made by Louis Fowles, not in the presence of the maker of the note, unless it can be said the testimony of Mrs. Storer, a sister, is evidence upon that point. Her testimony is that in October, 1898, her sister Miss Holmes, while on a visit to her in New York, had a conversation with her as follows:

"The conversation commenced by her urging me to leave my place and come up there and stay with her, but I didn't think I could do so. My business was involved there some, and I says to her, 'If I sell off everything I have got, I couldn't retain to myself more than six or seven hundred dollars. I have went in debt for a building, and the payments are coming on,' I says. 'Well,' she says, 'I would help you out, but Loua has my notes.' And at that point the conversation was interrupted by the hired man coming in, and it never was resumed at that point. We had other talks, but not in relation to that point, exactly. And I don't think she mentioned anything about the notes at any other time. I don't remember that she did, but she did then."

It was explained Miss Holmes always called the claimant "Loua." It will be observed there is no suggestion in this testimony that Miss Holmes said she had made any payment on a note, and it is not evidence tending to show she had made a payment. Nor can it be said to be a promise to pay the notes. In *Mainzinger* v. *Mohr*, 41 Mich. 687 (3 N. W. 183), it is held:

" At the common law, a new promise to pay a debt barred by the statute might be inferred from a mere recognition of the existence of a just demand; and, when this rule was so changed as to require an express promise in writing, it was wisely provided," etc.

And in *Sperry* v. *Moore's Estate*, 42 Mich. 358 (4 N. W. 13), it is held:

"The statute is explicit that in such cases no acknowledgment or promise shall be evidence of a continuing contract whereby to take a case out of the provisions of the chapter, or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing, signed by the party to be charged thereby."

Was the fact of the indorsement evidence of a payment? Section 9744, 3 Comp. Laws, reads:

"No indorsement or memorandum of any such payment, written or made upon any promissory note, bill of exchange, or other writing by or on behalf of the party to whom such payment shall be made or purport to be made, shall be deemed sufficient proof of the payment, so as to take the case out of the operation of the provisions of this chapter."

In *Michigan Ins. Co.* v. *Brown*, 11 Mich. 265, it is said:

"Although payments are indorsed as made within 10 years, the statute expressly denies to such indorsements, unexplained, any weight, as evidence of payment, for the purpose of charging the debtor by treating them as an acknowledgment, so as to take the case out of the operation of the law. 2 Comp. Laws 1857, § 5377. In the absence of other testimony, therefore, the statutory bar is complete, and no decree can be made against Brown for the balance which may remain unpaid."

In *Rogers* v. *Anderson*, 40 Mich. 290, it is said:

"The statute is express and clear * * * that indorsements of payments, written by or on behalf of the party to whom payment is made, shall not be deemed sufficient proof of payment to take the case out of the statute. 2 Comp. Laws 1871, §§ 7164, 7165. Unexplained

indorsements of payments could not be received as evidence, so as to take the case out of the operation of the statute. *Michigan Ins. Co.* v. *Brown*, 11 Mich. 273."

See, also, *Chandler* v. *Lawrence*, 3 Mich. 261; *Snyder* v. *Winsor*, 44 Mich. 140 ( 6 N. W. 197 ); *Lester* v. *Thompson*, 91 Mich. 245 ( 51 N. W. 893 ); *Ocobock* v. *Myers' Estate*, 127 Mich. 181 ( 86 N. W. 534).

The request of defendant to direct a verdict in his favor should have been granted.

Judgment is reversed, and new trial ordered.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.