FOWLES *v.* JOSLYN.

1. Statute of Limitations—Payments—Evidence.
   Payments on a note, taking it out of the statute of limitations, may be shown by the oral admissions of the maker.

2. Same—Account Books.
   An entry by the maker of a note in a private account book, showing a payment on the note, may be introduced in evidence by the payee, apart from the remainder of the book, to show that the statute of limitations has not run.

3. Estates of Decedents—Claims—Evidence—Matters Within Knowledge of Deceased.
   Where a claimant against a decedent's estate was asked, on cross-examination, whether an account-book entry showing a payment to him by decedent might not relate to some

demand other than the note in suit, it was permissible for him to testify, on redirect, that the payment was on the note.

4. BILLS AND NOTES—PAYMENTS—EVIDENCE.

Evidence of statements by the maker of a note, that the payee held it, is admissible to show that the note had not been paid in full

5. SAME—STATUTE OF LIMITATIONS—INSTRUCTIONS—HARMLESS ERROR.

The inclusion of such statements by the court in his recital to the jury of the evidence which they might consider in determining whether a particular payment had been made on the note, so as to arrest the running of the statute of limitations, could not be said to have misled them.

Error to Calhoun; Winsor, J. Submitted October 23, 1903. (Docket No. 71.) Decided January 5, 1904.

Louis Fowles presented a claim against the estate of Betsey C. Holmes, deceased, upon a promissory note. The claim was disallowed by the commissioners on a contest made by James L. Joslyn, administrator, and claimant appealed to the circuit court, where he obtained a judgment. Defendant brings error. Affirmed.

*Andrew W. Lockton* (*Joel C. Hopkins*, of counsel), for appellant.

*North & Salisbury*, for appellee.

MONTGOMERY, J. This case was once before the court. The opinion on the former hearing is reported in 130 Mich. 272 (89 N. W. 946). On the second trial of the case, in addition to the testimony there offered, the plaintiff offered the testimony of one Squire C. Boylan, who testified to a conversation with deceased in 1896, in which deceased stated in substance that, between 1893 and the date of the conversation, she had made a small payment of interest on the note. The plaintiff also offered in evidence an entry in a book of account or memorandum book in the handwriting of deceased under date of January 31, 1895,

"Paid Loua $20." "Loua" is the name by which it is shown deceased usually referred to plaintiff. Plaintiff himself was called as a witness, and, after testifying that the note had remained in his possession, was, on cross-examination by the defendant's counsel, interrogated at some length upon other items of account appearing in the book of deceased indicating payments to him, and upon the subject of what demands such payments were made upon. On redirect examination the plaintiff was permitted to testify as to the entry of January 31, 1895, which related to a payment made upon the note in suit. The case was submitted to the jury, and a verdict in favor of the claimant for the amount of the note and interest was returned. The administrator again brings error.

At the close of the plaintiff's case a motion was made to direct a verdict on the ground that there was no proof to take the case out of the statute of limitations. We think this motion was properly overruled. At, that time the testimony of Squire C. Boylan was before the jury, and was sufficient, if believed, to show that payment had been made at the time fixed. In the same connection it is urged that testimony of oral admissions of a payment is incompetent to take the case out of the statute of limitations. This contention is not supported by authority. On the contrary, an early interpretation of the Massachusetts statute, from which ours was borrowed, determines that such testimony is entirely competent, and its weight is for the jury. *Williams* v. *Gridley*, 9 Metc. (Mass.) 482.

Complaint is made that the circuit judge permitted the claimant to read from the book of account or memorandum book kept by deceased the single item which was claimed to relate to the payment upon the note in question, and it is said that the entire book should have been offered in evidence; defendant citing the authorities which relate to the admission of a person's own books of account, which relate to quite a different question than that here involved. The admission of the deceased appearing upon this book, if shown to be connected with the payment of the money

to the claimant, would have been as much evidence had it been upon a slip of paper as it was appearing upon the book of account. It was not necessary, to give it authenticity, to show the manner in which the book was kept, or to show a regular course of dealing between the parties, as where a party offers his own books of account. The proper practice was followed. *Van Bokkelein* v. *Berdell*, 3 N. Y. Supp. 333.

The defendant was permitted to cross-examine the claimant at length upon the subject of the other entries, to show that money had from time to time been borrowed from the claimant, and that *memoranda* of it appeared upon this book, and upon redirect examination claimant's counsel was permitted to ask him as to whether the payment in question was made upon the note. On cross-examination the plaintiff had been asked whether this item in question of $20 might not have been paid upon the $20 which deceased had borrowed of claimant. He answered this in the negative, and on redirect examination was asked to state what it did refer to, and the court very properly ruled that the cross-examination had opened the door to this inquiry.

The defendant assigns error upon the ruling admitting the testimony of Mrs. Storer of statements by the decedent to the effect that claimant held her note, made shortly before the death of defendant's intestate. It is said that this had no tendency to show payment, and this is in a sense true. Yet the testimony was competent as bearing upon the question of whether the note had been paid in full, and whether the claimant was entitled to retain the possession and custody of it. The only difficult question in the case, as it seems to us, is whether the reference to this testimony in the charge of the court might have misled the jury. The jury were told that they should consider, in determining the question of whether the payment had been made, the surrounding circumstances, the conditions and relations of the parties, statements made by Miss Holmes during the time of her visit to New York or elsewhere, the testi-

mony of Squire C. Boylan in regard to what occurred, and determine whether Mr. Fowles had established, by a preponderance of the evidence, that the $20 indorsed upon the note had been paid.  We think that this instruction could not well have misled the jury, as the case shows that the question submitted to them related to the payment made at a distinct time, to wit, on the 31st day of January, 1895, and there was nothing in the testimony of Mrs. Storer from which the jury could have inferred that it related to this particular transaction.

We do not find any prejudicial error in the case, and the judgment will be affirmed.

The other Justices concurred.