DANIEL E. SOPER v. SIDNEY B. MILLS.

*Justice's court—Statement of cause of action—Appeal.*

A statement of a claim that will sustain a recovery before a justice will be sufficient on appeal.

Plaintiff in a justice's court declared on the common counts and filed, as specifying the exact nature of his demand, an instrument which in itself constituted a contract sufficient to sustain an action and on which the transferee could sue. It was in terms payable to bearer, but bore the indorsement "without recourse" signed by the payee. It was understood by both parties as the substance of the declaration, and it fairly imported that the plaintiff was the transferee. There was no demurrer for uncertainty. *Held* that under the liberal rules for construing pleadings in a justice's court there was enough to entitle plaintiff to show that he was the lawful transferee and to put the instrument itself in evidence.

An instrument consisting of a promise to pay and an added stipulation that the article for which payment is to be made shall remain the payee's property until the note is paid; that, if there is any default in payment it shall be at his option to take possession of the article or collect the note; and that if he takes possession he shall not be required to refund any money already paid but that it shall be deemed to have been paid for rent of the article, is a contract sufficient to sustain an action, and on which the transferee can sue.

Error to Newaygo. (Fuller, J.) Jan. 11.—Jan. 18.

ASSUMPSIT. Defendant brings error. Reversed.

*A. G. Day* and *W. D. Leonardson* for appellant.

*George Luton* for appellee.

GRAVES, C. J.   The plaintiff recovered judgment before a justice of the peace, and the defendant appealed, and in the circuit court the trial was on the original pleadings. The plaintiff relied on an instrument* which purported to have been given by defendant to one Colbath for an organ, but the court refused to admit it in evidence and ordered a verdict for the defendants.   In making this ruling it seems to have been considered that the declaration failed to show a cause of action in the plaintiff.

If the statement of the claim was sufficient for a recovery before the justice it was sufficient on the appeal, and we think it was.   It is needless to repeat or cite what has been said so often concerning the liberality with which such proceedings are to be treated.

Besides orally stating that he declared on the common counts the plaintiff filed the paper in question with the justice as a specification of the exact nature of the demand or cause of action, and the defendant was not misled.   He regarded this instrument as the cause of action, and so affirmed in his affidavit denying its genuineness.   It was the

---

*The instrument was as follows :

$80.00.
                                    SHERIDAN, Mich., June 15th, 1881.
    Six months after date I promise to pay Geo. R. Colbath or bearer eighty dollars, value received, with interest at seven per cent. per annum, and ten per cent. after due.

    Payable at the Fremont, Michigan.

    The instrument hereinafter mentioned shall remain the property of Geo. R. Colbath and subject to his direction till this note is paid in full, it being optional with Geo. R. Colbath upon default of payment to take possession of said instrument or collect this note, and in case he shall take such instrument, said Geo. R. Colbath shall not be liable to refund any moneys theretofore paid for said instrument, but same shall be deemed paid for rent of same.
                                                    S. B. MILLS.
Style 9, organ No. 79,642.
    Residence 2 miles E and 1 mile N Fremont, as his bill of particulars.
[Endorsed]   "Without recourse,      G. R. COLBATH."

very foundation of the action and was in substance the declaration. Both parties so understood it. Whether it may be construed as a promissory note is not now a material question. It is at least a contract sufficient to sustain an action and on which a suit could be maintained by the plaintiff as transferee, so far as the matter is one of form,—and that is sufficient now; according to the terms it was payable to bearer, but when the plaintiff sued upon it and filed it with the justice it bore this indorsement: "Without recourse. G. R. COLBATH." The fair import of it was, when viewed as the substance of a declaration before a justice, that the plaintiff was the transferee. There was no demurrer for want of fullness or certainty, and under the rules for construing pleadings before justices of the peace we think there was sufficient in what was regarded as the plaintiff's claim or demand to admit proper evidence that he was the lawful transferee and holder. We think that the instrument should have been admitted and that the plaintiff should have been given opportunity to make out a case upon it if able to do so.

The state of the case forbids an examination of any other questions now.

The judgment should be reversed with costs and a new trial granted.

The other Justices concurred.