JOSEPH W. DONOVAN v. HALSEY FIRE ENGINE COMPANY, JOHN GALLOWAY AND JONAS H. ROWE.

*Action on assigned claim to payment for services—Amendment of declaration on appeal—Set-off—Implied assumpsit—Written assignments.*

1. A declaration in assumpsit can be amended on appeal from a justice to show that plaintiff claims as assignee.

2. Where notice of set-off was withdrawn it was not error to exclude the testimony it would have covered.

3. Where a corporation has received the benefit of services it cannot repudiate its indebtedness therefor on the ground that its by-laws did not permit it to run in debt without the order of its directors, especially if the directors have never denied liability on that ground.

4. Acceptance of beneficial services raises an implied assumpsit.

5. An assignment of the claims of a laborer against the company which employs him need not be in writing.

Error to Wayne. (Jennison, J.)   June 4.—September 29.

Assumpsit. Defendants bring error. Affirmed.

*Stewart & Galloway* for appellants. Assumpsit will not lie unless there is some contract relation express or implied: *Woods v. Ayres* 39 Mich. 345; nor unless there is a request to pay: *Child v. Morley* 8 Term 610; *Stokes v. Lewis* 1 Term 20; *Naish v. Tatlock* 2 H. Bl. 319; *Hayes v. Warren* 2 Str. 933; *Richardson v. Hall* 1 Bro. & B. 50; *Durnford v. Messiter* 5 M. & S. 446; if one has become a surety of another, and is compelled to pay as such surety, the law will imply a promise on the part of the principal to repay: *Exall v. Partridge* 8 Term 310; *Kemp v. Finden* 8 Jur. 65; *Blaisdell v. Gladwin* 4 Cush. 378.

*J. B. McCracken* for appellee.

Sherwood, J. This was an action of assumpsit, commenced before a justice of the peace in Wayne county against the defendant engine company. The plaintiff's declaration was on all the common counts, and on demand he filed the following bill of particulars:

| | |
|---|---:|
| To money paid out in its behalf on bill of J. T. Hurley & Co., | $ 24 50 |
| Money paid on insurance, | 15 00 |
| Money paid on Chope's judgment, | 165 00 |
| Money paid on Robert's wages | 75 00 |
| | $279 50 |
| | 2 00 |
| | $277 50 |

The defendant pleaded the general issue and gave notice of set-off for money due on subscription price of two thousand shares of stock, but which set-off was on the trial withdrawn. The justice, on November 26, 1884, gave judgment for plaintiff for $277.50, and $3.50 costs. The defendant com-

pany appealed to the circuit, and defendants Galloway and Rowe became its sureties on the appeal-bond. The cause, on appeal, was tried before Judge Jennison, by jury, and the plaintiff again recovered judgment. The case is now before us on error; the record containing a bill of exceptions.

The judgment at the circuit was rendered against all the defendants, and all join in the writ of error. Ten errors are assigned, all of which are relied upon. The plaintiff claims to recover for the items mentioned in his bill of particulars as assignee thereof. The declaration originally was silent upon the subject of his being assignee, and the court allowed an amendment to the effect that he was assignee. We think, under the testimony, the amendment was properly allowed, and we have been unable to discover any error committed in receiving any of the testimony.

Objection was made to excluding testimony to the effect that assignors of the plaintiff and the plaintiff owed the defendant company for stock. We think the ruling was correct. The notice of set-off, the record shows, was withdrawn, and this rendered that testimony immaterial as the issue then stood. The plaintiff testified that he purchased the claims of several different parties, and it tended to show they were claims for work and labor done, money paid, and other things furnished to and for the defendant company, and were valid claims, and that the company had recognized them and its liability therefor. The amount of the claims did not seem to be controverted; the largest one being at the time in judgment against the company. The court submitted both the validity of the claims and the assignments thereof, together with the plaintiff's interest therein, to the determination of the jury, and they found for the plaintiff.

We see nothing in the charge exceptionable. It was based upon the testimony in the case, and there were sufficient facts to support it.

Some point was made on the hearing that by the by-laws of the company no debt could be contracted except by order of the board of directors. There is nothing, however, in this point. There seems to have been no question about the legal

existence of the defendant, or the fact that it did business and employed the services of these men whose claims were held by the plaintiff, or that the board ever refused payment upon any such ground, although the board had its attention particularly called to them, and they were all transferred to its books. In fact, the largest by far was already in judgment against the company. Under all these facts the company could not repudiate its liability on the ground suggested.

There is no pretense that the company did not receive good and valuable service for the amount of the claims sought to be recovered, and that it was for the benefit of the company and with its knowledge. The implied assumpsit alone, under such facts, is sufficient to create the liability. *Hosmer v. Wilson* 7 Mich. 294; *Ward v. Warner* 8 Mich. 519. It was not necessary that these claims should have been transferred to the plaintiff in writing. If it was proved to the satisfaction of the jury that the plaintiff was the owner of them at the time the suit was brought, that was sufficient, and the verdict of the jury settled that question. *Draper v. Fletcher* 26 Mich. 154; *Blackwood v. Brown* 32 Mich. 104; *Herbstreit v. Beckwith* 35 Mich. 93; How. Stat. § 7344; *Briscoe v. Eckley* 35 Mich. 112.

No error appearing in the record, and the jury having settled the facts, the judgment must be affirmed.

COOLEY, C. J. and CAMPBELL, J. concurred.