JAS. CILLEY AND LAFAYETTE HATCH v. BARNEY VAN PATTEN.

*Mutual assignment among plaintiffs—Set-off.*

1. Evidence of the mutual assignment of interests among several plaintiffs for the purpose of bringing joint suit, is inadmissible in an action on the common counts, such assignment not being averred in the declaration.

2. One partner paid firm debts from his private funds at the other's request on the latter's promise to repay half the amount, with interest. *Held*, that after the dissolution of the firm he could offset so much against an independant claim for which his former partner sued him at law; and he could do this though a suit in chancery was pending for a partnership accounting.

Error to Ottawa.   (Arnold, J.)   Oct. 29.—Nov. 4.

ASSUMPSIT.   Defendant brings error.   Reversed.

*C. C. Howell* for appellant.   A partner who has contributed funds which another should have contributed can bring assumpsit for them before the partnership affairs are settled: *Kinney v. Robison* 52 Mich. 392; *Wright v. Eastman* 44

Me. 220; *Williams v. Henshaw* 11 Pick. 84; *Collamer v. Foster* 26 Vt. 758; 1 Pars. Cont. (5th ed.) 164.

*Geo. A. Farr* for appellee. One partner cannot sue another at law for anything received on partnership account, while partnership matters remain unadjusted: (5 Wait's A. & D. 149; *Holmes v. Higgins* 1 B. & C. 76; *Smith v. Allen* 18 Johns. 245; *Crottes v. Frigerio* 18 La. Ann. 283; *Francisco v. Fitch* 25 Barb. 130; *Martin v. Morin* 25 Mo. 360; *Hammond v. Hammond* 20 Ga. 556; *Smith v. Smith* 33 Mich. 557; *Wiggin v. Cumings* 8 Allen 353; *Burns v. Nottingham* 60 Ill. 531; Pars. Partn. (2d. ed.) 282; *Drew v. Terson* 22 Wis. 651); unless for breaches of contract not requiring an adjustment for the purpose of fixing damages: *Ridgway v. Grant* 17 Ill. 117; *Wright v. Jacobs* 61 Mo. 19; *Wiggin v. Goodwin* 63 Me. 389; but see *Wheeler v. Arnold* 30 Mich. 304; *Mitchell v. Wells* 54 Mich. 127; *Gauger v. Pautz* 45 Wis. 449; *Sprout v. Crowley* 30 Wis. 187; *Glover v. Tuck* 24 Wend. 158; *Paine v. Thacher* 25 Wend. 452; *Townsend v. Goewey* 19 Wend. 424.

SHERWOOD, J. This suit was commenced in justice's court. The declaration contained a special count, wherein the plaintiffs alleged a failure of the defendant to perform a certain contract, by the terms of which the defendant, who was owner of a vessel running between various ports on Lake Michigan, agreed to carry for plaintiffs a cargo of wood when requested from Port Sheldon to the city of Racine in the state of Wisconsin, in the month of August, 1880, and in consequence of the failure so to do, after request made, the plaintiff's property became wholly lost and destroyed. The common counts in assumpsit were added. The defendant pleaded the general issue, and gave notice of set-off in the sum of $300. No bill of items on either side was filed or demanded. The plaintiffs obtained judgment before the justice for $300. The defendant appealed to the circuit court, when the cause was again tried, with the same result as before the justice; and the case comes into this Court on error.

On the trial the plaintiffs seem to have abandoned the special count, and sought to make their case under the common counts. The plaintiff Hatch was permitted to testify that he, as an

individual, worked for defendant, in the summer of 1878, sixty-seven days, and that it was worth two dollars per day. Plaintiff Cilley also gave evidence showing that he individually performed services for the defendant amounting to $179. Plaintiffs both testified, under objection and exception, that each had assigned to the other an interest in and to their several accounts for the sole purpose of this joint action, and for no other consideration, which said assignments were received in evidence. There are no averments in the declaration, or notice in any manner to the defendant, that an assigned account or claim of any description would come in question in this suit.

In the case of *Blackwood v. Brown* 32 Mich. 107, Mr. Justice Marston uses this language, citing *Draper v. Fletcher* 26 Mich. 154, in approval : " Previous to the passage of our statute authorizing the assignee of certain choses in action not negotiable to sue and recover the same in his own name, the assignee would have had to sue in · the name of the nominal, for the use of the real owner. While at present under that statute the assignee may sue in his own name, yet *he must still allege in his declaration an assignment, and prove the same upon the trial, to entitle him to recover.*" See also *Rose v. Jackson* 40 Mich. 34. We think the rule stated is a reasonable one, and often has the effect to prevent surprise, as in the present case. This evidence was not admissible under the plaintiff's declaration.

The defendant's counsel, under his notice of set-off, offered to prove that during the years 1878, 1879 and 1880, Van Patten and Hatch were partners together in the lumber business at Port Sheldon, and during 1878 the business did not pay current expenses, and debts were pressing the firm. Mr. Hatch had no money or property with which to pay or meet these firm obligations, and he then and there agreed with and promised Mr. Van Patten that if he would pay these firm debts from his own private funds, he (Hatch) would repay to Van Patten one half of the amount of the debts so paid by him, with interest at seven per cent. per annum : that under such an arrangement Mr. Van Patten then paid $335

of firm obligations, and thus enabled the business to proceed. These facts defendant was not permitted to show as an offset to Mr. Hatch's claim for his individual services.

This was error. The testimony was excluded, as appears by the record, on the ground that it was partnership matter, and that a suit between Van Patten and Hatch was then pending in chancery for a partnership accounting. These grounds are untenable under the rulings of this Court.

The judgment must be reversed and a new trial granted

The other Justices concurred.