JAMES CILLEY AND LAFAYETTE HATCH v. BARNEY VAN
PATTEN.

[See 58 Mich. 404.]

*Justices of the peace—Jurisdiction—Trial—Evidence—Assumpsit by
joint owners of claims—Loss of execution—Parol evidence.*

1. A plaintiff has the right to offer proof of such of several claims as
   he chooses, or none as to some items.
2. The sum claimed in the *ad damnum* determines the jurisdiction of
   a justice of the peace in an action of assumpsit.
3. It is the privilege of a plaintiff, in any case, to forgive to the
   defendant so much of his claim, as established on the trial, as he
   may choose.
4. A party owning chattel property or choses in action is presumed
   to know it, and may testify to such *fact*, and the means of his
   knowledge can be disclosed upon cross-examination, if the
   defendant so desires.
5. The *joint* ownership of a negotiable promissory note, indorsed in
   blank and put in evidence without objection, may be shown by,
   evidence of its purchase of the payee by the plaintiffs.
6. Parol evidence is admissible of the centents of a *lost* executions
   and of a levy and sale thereunder, and of the return of the officer
   making the same.

Error to Ottawa. (Arnold, J.) Argued November 10,
1887. Decided January 5, 1888.

Assumpsit. Defendant brings error. Affirmed. The facts
are stated in the opinion.

*C. C. Howell,* for appellant.

*George A. Farr,* for plaintiffs.

SHERWOOD, C. J. The plaintiffs brought their suit in
assumpsit against the defendant in justice's court, and
recovered a judgment of $300. On appeal to the circuit,

the plaintiffs recovered a like judgment. The proceedings and judgment in the circuit came to this Court on error, where the judgment was reversed, at the October term, 1885 (58 Mich. 404, 25 N. W. Rep. 326), on the grounds that certain proofs made of plaintiffs' claim were not admissible under their declaration, and that the defendant was not allowed to make proof of certain items which he should have been permitted to do. The plaintiffs were allowed a new trial, which has been had, and the proceedings upon that trial are now before us for review.

It appears from the record that the plaintiffs amended their declaration before the last trial, in order to avoid the objection upon the former trial, and which proved fatal, and they then succeeded, recovering the same amount as before.

The items claimed for under the declaration now before us are:

1. A note given by the defendant for $33, dated November 15, 1879, and owned jointly by the plaintiffs.

2. A personal account of plaintiff Cilley against defendant, owned by the plaintiffs.

3. A personal account of Hatch against the defendant, owned by the plaintiffs.

4. A claim for a quantity of slabs owned by plaintiffs and sold by defendant.

The plea was the general issue, with notice of set-off.

The trial was before Judge Arnold, and a jury, in the Ottawa circuit.

The defense claimed against the note was that it was given to the payee (one Nelson) for work and labor to be performed by him, and which he never did; and, further, that defendant is entitled to set off against the note such claim as accrued to him against Nelson while the latter owned it.

To the claim made by plaintiffs for the Cilley account, the defendant urges, as a defense, that the account was originally due to the plaintiff Cilley, and that a portion of the services charged for by him against the defendant were never per-

formed, and, as to certain other services, defendant never employed Cilley for that purpose, and that he has paid Mr. Cilley more than $33.79, and claims an offset of about $40 against the plaintiff's claim.

In regard to the item for slabs, the plaintiffs claimed that plaintiff Hatch and one Thirkettle owned a quantity of slabs at Port Sheldon, in the county of Ottawa, to the amount of about 200 cords; that plaintiff Cilley sold the same, or rather Thirkettle's interest, on an execution against Thirkettle, and that the former became the purchaser at the sale, and the plaintiffs became the owners thereof; that afterwards, without any authority, the defendant sold a large quantity of these slabs, and received the money therefor, at seventy-five cents and a dollar per cord.

The defense claimed against this item is that Thirkettle and Hatch had no such amount of slabs; that he never sold any slabs belonging to the plaintiffs; that he never got any money for the slabs plaintiffs claim that he sold; and that the plaintiffs cannot recover upon any demands in which they are not joint owners.

No proof was offered in support of the plaintiffs' third claim, and it will not be regarded in the further discussion, unless referred to in connection with one of the other three claims, in support of and against which testimony was offered on both sides.

We shall notice only those errors assigned, and which were argued on the hearing, or in the brief of defendant's counsel. It was the plaintiffs' right to offer proof of such of their claims as they chose, or none as to some of the items, and it is no ground of error that they did so.

The aggregate sums to which the several claims of the plaintiffs amounted exceeds the sum of $200, but the *ad damnum* in the declaration is within the jurisdiction of the justice. This, however, furnished the defendant with no ground for an objection to the jurisdiction of the court. It

is the amount claimed in the *ad damnum* that determines the jurisdiction of the justice in assumpsit. It is the privilege of the plaintiff, in any case, to forgive so much of his proved claim, upon the trial, to the defendant as he may choose. It appears they did not, in this case, prove one of their claims, but had it stricken from the declaration, and abandoned it as outlawed. The defendant was not prejudiced by this course.

It was not improper to allow Hatch to testify that he and Cilley owned the Cilley claim for services against the defendant. A party owning property consisting of chattels or choses in action is presumed to know it, and I think he may testify to the fact where it is material. The means of his knowledge can be very easily disclosed upon cross-examination, if the defendant desires. There was no error committed in receiving this testimony.

The note sued upon was a negotiable note, and put in evidence without objection, and the proof showing joint ownership of the same was unobjectionable. Hatch testified that he and Cilley bought the note of the payee in 1880.

There was proof tending to show that Cilley purchased the Thirkettle interest in the slabs at an execution sale thereof, and we find no error in the admission of the evidence to prove the validity of the judgment and the execution sale.

When the files of the court are lost, as in this case, the next best evidence attainable may be resorted to in proving their contents, and that was done in this case, and the testimony upon the subject was proper to be submitted to the jury, both as to the loss and contents.

There was testimony tending to show the ownership by the plaintiffs of each of the claims which were allowed to remain in the plaintiffs' declaration, and that such ownership was joint, and the value of the claims; and we find no error in the admission of the testimony offered for the purpose of proving the same, and the finding of the jury thereon is against the defendant, and conclusive, unless the charge of the court misled them in applying the law.

The charge has been looked into, and we have failed to discover any fault in it. It is full upon every legal phase of the case, and upon every point is clear and correct. It gives all that was proper for the jury to know of the defendant's seven rejected requests, and it is not easily seen how the defendant's, as well as the plaintiffs', rights could have been better guarded, or the jury better informed upon the law of the case, than was done in the charge of the learned circuit judge.

The judgment must be affirmed.

CHAMPLIN and MORSE, JJ., concurred. CAMPBELL, J., did not sit.