EDWIN F. WEBSTER AND JAMES MEATHE v. JOHN C. D. WILLIAMS.

*Justices of the peace—Pleadings—Amendment of declaration— Assignment of claim—Evidence—Special appeal.*

1. A justice of the peace has no power to allow any substantial amendments to the declaration after the cause is submitted and taken under advisement.

2. Amendments in matters of form or substance in furtherance of justice may be allowed by a justice of the peace at any time before the final submission of the cause; and whether allowed or not, if they are not such as cause surprise, and, after the evidence is introduced, if the amendment is such as would be allowed as a matter of course, the declaration will be treated as amended.

3. A judgment in favor of the assignee of an account is valid, if not appealed from, although proof of the assignment is admitted without an averment of such fact in the declaration.

4. The rulings of a justice of the peace upon the admissibility of evidence are not subject to review on special appeal. *Albert v. Sutton,* 28 Mich. 2.

5. The allowance by a justice of the peace of an amendment to a declaration after the submission of a cause cannot be reviewed on special appeal.

Error to Macomb. (Stevens, J.) Argued February 10, 1888. Decided March 2, 1888.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Edgar Weeks,* for appellants.

*Eldredge & Spier,* for defendant.

CHAMPLIN, J. Plaintiffs brought suit before a justice of the peace against defendant, and on the return-day of the summons the parties appeared, and plaintiffs declared orally

upon all the common counts in *assumpsit*. The defendant pleaded the general issue. The plaintiffs filed a bill of particulars of their demand.

Upon the trial of the cause it appeared from the evidence that the items contained in the bill of particulars accrued in favor of the firm of E. F. Webster & Co., composed of the present plaintiffs and one James Robb; that this firm was dissolved, and a new one formed, consisting of plaintiffs, who transacted business in the name of Webster & Meathe, and that the indebtedness due to the old firm sued for in this action was sold and assigned to the new firm verbally. When these facts appeared upon the trial before the justice, the defendant objected to the proof of the account contained in the bill of particulars on the ground that it was inadmissible under the pleadings and plaintiffs' bill of particulars. The objection was overruled, and defendant excepted. The cause was then submitted to the justice, who took four days to decide.

Two days after, conceiving that the plaintiffs could not recover unless the declaration was amended to conform to the proof, he so informed plaintiffs' attorney, who drew up a formal declaration, alleging the indebtedness as originally accruing to the firm of E. F. Webster & Co., and its sale and assignment to the plaintiffs, and moved to amend and file the same with the justice.

The justice then notified defendant's attorney of the motion, who appeared before him specially and objected to the amendment, and to the authority of the justice to amend the declaration at that stage of the proceedings. Nevertheless the justice allowed the amendment, and thereafter, and within the four days, gave judgment for plaintiffs.

We do not think the justice had authority to make or allow any substantial amendments to the declaration after the cause was submitted to him, and he had taken it under advisement.

Amendments in matters of form or substance in further-

ance of justice could be allowed at any time before the final submission of the cause; and whether allowed or not, if they were not such as would cause surprise, and, after the evidence was introduced, if the amendment was such as would be allowed as a matter of course, the declaration would be treated as amended.

In *Kelly v. Waters*, 31 Mich. 404, proof of an assignment was introduced before the justice without its having been alleged in the declaration, and it was said:

" If it had been meant to rely on the want of averment of an assignment, an amendment would have been allowed as a matter of course."

And it was suggested in *Town v. Smith*, 14 Mich. 352, that a justice might amend his judgment before it was stayed or any further proceeding taken upon it, or a remedy might be afforded by appeal.  See, also, *Snell v. Gregory*, 37 Mich. 500; *Wilcox v. Railroad Co.*, 43 Id. 584 (5 N. W. Rep. 1003). There is no claim in the record that the defendant was surprised at the proof offered, and in that case it would have been better for the justice to have treated the declaration as amended, and render judgment accordingly.

In *Cilley v. Van Patten*, 58 Mich. 404 (25 N. W. Rep. 326), the suit was commenced before a justice and taken by appeal to the circuit.  In both courts there was a trial on the merits, and although in the circuit objection was made to proving the assignment because not alleged, yet no motion was made to amend.  While we do not hold that such proof can properly be admitted without an averment of the assignment in the declaration, we do hold that a judgment not appealed from, where such proof is admitted, will be good.

This brings us to the decisive point in this case.  The defendant brought the case into the circuit by special appeal. We held in *Albert v. Sutton*, 28 Mich. 2, that the rulings of the justice upon the admissibility of evidence were not subject to review upon special appeal.  Neither will errors that

do not involve some decision or question of jurisdiction be reviewed upon special appeal. *Deitz v. Groesbeck,* 32 Mich. 303; *Maxwell v. Deens,* 46 Id. 35 (8 N. W. Rep. 561). And in *Manhard v. Schott,* 37 Mich. 234, it was again decided that questions which arose upon the trial cannot be made the ground of a special appeal for reversing the judgment without a trial at the circuit. So far, therefore, as the rulings upon the admission of the testimony is concerned, the errors assigned thereon as a ground for special appeal cannot be considered.

The other error relates to permitting an amendment of the declaration after the cause was submitted. This did not go to the jurisdiction of the justice to hear, try, and determine the cause. He had jurisdiction of the subject-matter, of the process, and of the persons. The cause was tried upon pleadings, and properly submitted, and within the time allowed by law he rendered judgment. His action permitting or allowing an amended declaration to be filed, like other irregular action of the justice not going to his jurisdiction, cannot be reviewed on special appeal.

The errors assigned in the special appeal are overruled.

The judgment of the circuit court is reversed, and a trial upon the merits granted.

It will be proper for the plaintiffs, on leave obtained, to amend their declaration if they desire so to do. *Donovan v. Engine Co.,* 58 Mich. 38 (24 N. W. Rep. 819).

The plaintiffs will recover costs in this Court.

The other Justices concurred.