WORDEN GROCER CO. *v.* BLANDING.

1. BILLS AND NOTES—NEGOTIABILITY—CONDITIONAL SALES.
    A promissory note containing a contract of sale, with a reservation of title in the grantor, not for security merely, but absolute, is a nonnegotiable instrument.[1]

2. ASSIGNMENT—EVIDENCE—INDORSEMENT—PROOF OF TITLE.
    Evidence that the writing was indorsed on the back by and in the name of the payee, and delivered to the manager of the plaintiff for whom it was purchased, and the plaintiff had owned the same ever since, sufficiently proved the assignment.

3. SAME—PLEADING—JUSTICES OF THE PEACE—DECLARATION.
    A declaration in justice's court on the common counts, and specially on a writing filed with the justice as the sole cause of action of the plaintiff, whereto defendant pleaded the general issue and gave a special notice containing the admission that the payee transferred the paper to the plaintiff, sufficiently stated the assignment.

4. SAME—DECLARATION—AMENDMENT.
    The objection that a declaration in justice's court is insufficient for failure to aver an assignment of the instrument sued on, to the plaintiff, may be obviated by amendment in circuit court where the objection is first raised on appeal.

Error to Montcalm; Davis, J. Submitted January 20, 1910. (Docket No. 98.) Decided May 7, 1910.

Assumpsit in justice's court by the Worden Grocer Company against William A. Blanding and James Blanding on a promissory note. There was judgment for plaintiff, and defendants appealed to the circuit court. A judgment for defendants on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

[1] As to reservation of title of property as affecting negotiability of note for purchase price, see note to *Choate* v. *Stevens* (Mich.), 43 L. R. A. 277.

*Rarden & Rarden, Milo Lewis (Earle, Hyde & Thornton,* of counsel); for appellant.

*N. O. Griswold,* for appellees.

BLAIR, J. This cause was commenced in justice's court, where the plaintiff declared orally " on the common counts in assumpsit, and especially upon a note made by the defendants herein named in favor of Fred Soules," etc., which note was filed with the justice. The defendants pleaded the general issue, and gave notice of special defense. A copy of the note in question is as follows, viz. :

"$150.                    CORAL, MICH., April 2, 1903.

" Sixty days after date, for value received, we promise to pay to the order of Fred Soules, one hundred and fifty dollars, at the bank of O'Donald & Scott at Howard City, Michigan, with interest at 7 per cent. per annum until paid. This note is given subject to the approval of Fred Soules, Coral, Michigan, for a stock of groceries invoiced at $933.00 this day received of Fred Soules; the title to the said stock of groceries to remain in said Soules until this note is fully paid.

                              " W. A. BLANDING,
                              " JAMES BLANDING."

There appeared on the back of the note the indorsement, " Fred Soules, Coral, Mich." Trial was had in justice's court before a jury, and plaintiff had judgment. No question appears to have been raised in that court as to the sufficiency of the declaration. The cause came on for trial on appeal before a jury. Mr. Roush, vice president and general manager of the plaintiff, was sworn as a witness in its behalf, and he testified that before its maturity he purchased the note in question of Fred Soules for the Worden Grocer Company, and at the same time said Soules indorsed the note and delivered the same to him for the plaintiff, and the plaintiff has ever since owned the note. Thereupon, the plaintiff offered the note in evidence; the defendants' counsel interposed objections to the introduction of the note, grounding his objections upon the following propositions:

*First.* That the note in question is not a negotiable promissory note.

*Second.* That the proof did not show a sufficient assignment of the note.

*Third.* That even if the assignment was sufficient, the declaration did not sufficiently allege it.

The court sustained the defendants' objections for each of the reasons above stated, and the plaintiff excepted to such ruling, and the court thereupon instructed the jury as follows:

"Gentlemen of the jury, the court holds in this case that this is not a negotiable instrument. Further, there is no sufficient proof of assignment to entitle them to bring suit upon a nonnegotiable instrument. Objection is made to the reception of the instrument itself on the ground there is no sufficient averment in the declaration upon which they commenced suit to entitle them to put in proof. The objection at that point has been sustained. The court holds, now, there is no sufficient allegation in the declaration to entitle them to have the instrument received in evidence; consequently, you are directed to return a verdict for the defendants in this case."

*First.* The principal question in this case is whether the note in question is negotiable on its face. Counsel for plaintiff contend that it is, under the alleged general rule that a reservation of title does not destroy the negotiability of a note; citing 4 Am. & Eng. Enc. Law (2d Ed.), p. 127, and authorities cited in footnote 4. Reliance is also had upon the case of *Choate* v. *Stevens*, 116 Mich. 28 (74 N. W. 289, 43 L. R. A. 277), as approved in *Van Den Bosch* v. *Bouwman*, 138 Mich. 624 (101 N. W. 832, 110 Am. St. Rep. 336).

We are unable to agree to the plaintiff's contention that this case is ruled by *Choate* v. *Stevens*. So far as this record discloses, the note in question contains the entire contract of the parties, and it is obvious from a consideration of its terms that it presents the ordinary case of a conditional sale in which the title never passed to the defendants, and not a completed sale with a reservation of title in defendants by way of security only. *Bunday* v.

*Machine Co.*, 143 Mich. 10 (106 N. W. 397, 5 L. R. A. [N. S.] 475).   On the other hand, the case of *Choate* v. *Stevens* was held to present a case of a completed sale with reservation of title by way of security only, and the judgment of the court proceeded upon that basis.   We are of the opinion that this case falls within the rule of *Wright* v. *Traver*, 73 Mich. 493 (41 N. W. 517, 3 L. R. A. 50).   In that case the court said:

"The instrument before us has more the appearance of a contract of sale, with the title reserved in the property to the seller until paid for, than it has of a promissory note."

And it was held that the condition contained in the note that, "if not paid when due, the property for which it is given shall be the property" of the payee, destroyed its character as a promissory note, and reduced it to a mere contract.

The precise question involved here was before the supreme judicial court of Massachusetts, and it was held that an instrument otherwise a promissory note was converted into a mere contract by the condition, "Said horse to be and remain the entire and absolute property of the said Sloan until paid for in full by me." *Sloan* v. *McCarty*, 134 Mass. 245.   We are of the opinion, therefore, that the court did not err in treating the instrument in question as nonnegotiable.

*Second.* We are of the opinion that the court erred in holding that there was no sufficient proof of assignment of the instrument to the plaintiff. *Soper* v. *Mills*, 50 Mich. 76 (14 N. W. 704); *Merchants' Nat. Bank* v. *Gregg*, 107 Mich. 146 (64 N. W. 1052); *Steere* v. *Trebilcock*, 108 Mich. 464 (66 N. W. 342).

*Third.* The objection that the declaration does not sufficiently state the assignment might have been obviated by amendment if the court had held that otherwise plaintiff might maintain his action. *Donovan* v. *Engine Co.*, 58 Mich. 38 (24 N. W. 819); *Webster* v. *Williams*, 69

Mich. 135 (37 N. W. 62). The plaintiff, however, having filed the note with the indorsement thereon by the payee, which note constituted its sole cause of action, and the defendants having alleged in their special notice in justice's court "that the contract or obligation in writing mentioned in the plaintiff's declaration was given by James Blanding as a part of the purchase price of a stock of goods therein described, *and that the payee therein named transferred the same to the plaintiff*," etc., and having repeated this same allegation of a transfer in another portion of the notice, we think that it should be held that, under the liberal rules of pleading obtaining in justice's court, the declaration was sufficient in this regard. *Soper* v. *Mills*, 50 Mich. 76 (14 N. W. 704).

For the error above pointed out, the judgment must be reversed and a new trial granted.

OSTRANDER, HOOKER, BROOKE, and STONE, JJ., concurred.