## THOMPSON *v.* W. W. KIMBALL CO.

1. JUSTICES OF THE PEACE—AMENDMENT—DECLARATION—PLEADING.
   The amendment of a written declaration in justice's court without changing the subject matter of the action was properly permitted.

2. SAME—EVIDENCE.
   *Held*, on reviewing the conflicting testimony of the parties on the question of damages, that plaintiff's verdict and judgment was not excessive.

Error to Calhoun; North, J. Submitted January 7, 1916. (Docket No. 66.) Decided March 30, 1916.

Assumpsit in justice's court by Sophia A. Thompson against the W. W. Kimball Company, a corporation, for the recovery of money paid for a piano. From a judgment for plaintiff defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Joseph L. Hooper,* for appellant.

*Howard W. Cavanagh* and *John C. Davis,* for appellee.

MOORE, J. The plaintiff, on the 13th day of November, 1913, bought from defendant a Kimball piano player valued at $750, for which she turned over to them a piano and was to pay $350 in addition thereto. At the time of the exchange she paid $50 in cash. The player piano soon ceased to work well. Some correspondence ensued. The defendant declined to return the piano turned into it by the plaintiff, and took the player piano from her. She sued defendant in justice's court. From a judgment in her favor the cause was appealed to the circuit court, where plaintiff recovered a judgment of $250 and costs. The case is brought here by writ of error.

The first assignment of error requiring attention relates to permitting an amendment to the declaration in justice's court, counsel saying it amounted to the statement of a new cause of action.

The case was commenced by summons. A written declaration was filed. An amendment was permitted to this original declaration. This amendment related to the same transaction to which reference was made in the original declaration. We think it was permissible. *Snyder* v. *Winsor,* 44 Mich. 140 (6 N. W. 197); *Webster* v. *Williams,* 69 Mich. 135 (37 N. W. 62). See the many cases cited in the note to section 767, 1 Comp. Laws.

Error is assigned because the court did not give a request reading:

"Unless you find by a preponderance of evidence in this case that the defendant company was responsible for the piano getting out of condition within five weeks after plaintiff received it in her house, plaintiff cannot recover. If plaintiff or some person other than defendant was responsible for the piano getting into such condition, then your verdict should be for the defendant."

The substance of this request was fully covered by the general charge.

It is said that, as the evidence of the plaintiff was that she paid the Kimball Company $50 cash, and that she bought the piano which she traded to defendant for $100, her recovery should have been limited to these amounts.

This ignores other testimony in the case. She was to be credited in the exchange $400 for her piano. She testified that she bought the piano from a patient of hers who was under obligation to her, and that the purchase was made for a price very much less than the piano was worth; that she had been offered $200 in cash for the piano, and that it was well worth it.

Judgment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, BROOKE, and PERSON, JJ., concurred.