H. F. CAMPBELL CONSTRUCTION COMPANY *v.* PALOMBIT.

1. SALES—CONDITIONAL SALES—CONSIGNMENT—TILE.

Delivery by a foreign corporation of tile to Michigan warehouse of another foreign corporation under a written consignment agreement whereby tile not sold was to be returned to vendor and tile resold by buyer at its own commission price above vendor's invoice price constituted a conditional sale and constituted the buyer an agent of the seller.

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Sales § 837.
[1] What amounts to conditional sale. 17 ALR 1421, 43 ALR 1247, 92 ALR 304, 175 ALR 1366.
Validity as to creditors of the buyer or consignee of reservation of title to goods delivered under implied or express authority to resell. 63 ALR 355.
[2] 23 Am Jur, Foreign Corporations §§ 363, 376, 383.
[3, 4] 23 Am Jur, Foreign Corporations §§ 508, 522 *et seq.*

2. CORPORATIONS—FOREIGN CORPORATIONS—DOING BUSINESS—CONDITIONAL SALES—PRINCIPAL AND AGENT.

    A foreign corporation was doing business in this State and subject to service of civil process herein, where it sold and shipped tile under a written consignment agreement which constituted the conditional buyer an agent.

3. SAME—FOREIGN CORPORATIONS—SERVICE OF PROCESS.

    Process may be served upon any one of the agents of a foreign corporation doing business within this State (CL 1948, § 613.-31).

4. SAME—FOREIGN CORPORATIONS—SERVICE OF PROCESS ON EMPLOYEE.

    Service of process in this State on an employee of the corporate agent of defendant foreign corporation was valid, where the employee was acting in the furtherance of the business of both his employer and the foreign corporation (CL 1948, § 613.31).

Appeal from Wayne; Webster (Arthur), J. Submitted October 11, 1956. (Docket No. 68, Calendar No. 46,369.) Decided December 28, 1956.

  Case by H. F. Campbell Construction Company, a Michigan corporation, against Louis Palombit, individually and doing business as Palombit Tile Company, and Mosaic Tile Company and Carlyle Tile Company, foreign corporations, for damages arising from alleged defective tile used in construction work. Order entered quashing service of process on defendant Carlyle Tile Company. Plaintiff appeals. Reversed and case remanded for further proceedings.

*Gerald R. Marshall* and *Ellman & Ellman,* for plaintiff.

*David S. Levi,* by special appearance, for defendant Carlyle Tile Company.

DETHMERS, C. J. Plaintiff, a building contractor, acting through defendant Palombit, a subcontractor,

purchased from defendant Mosaic Tile Company certain tile manufactured by defendant Carlyle Tile Company and delivered by it, on consignment, to Mosaic. This suit is for damages resulting from alleged defects in the tile, laid by Palombit, which became apparent after their use in one of plaintiff's construction jobs. Service on defendants Palombit and Mosaic is not challenged. Service of summons on Carlyle, an Ohio corporation not licensed to do business in Michigan, was made by personal service thereof on Mr. Burt, Mosaic's assistant district manager in Detroit, in his capacity, according to the return of service, as Carlyle's agent. The trial court granted Carlyle's motion to quash service of summons on it on the ground that it was not present doing business in Michigan. From the implementing order plaintiff appeals.

The relationship between Carlyle and Mosaic was governed by a written consignment agreement. Under its terms Carlyle was to furnish tile to Mosaic "on consignment" in such amounts as Mosaic might require, the tile to be stored and held, in the name of Carlyle, in a Michigan warehouse of Mosaic which agreed to keep such tile insured at all times in Carlyle's name and in a specified amount; Mosaic was to sell tile from such warehouse stock and on the 10th of each month was to report to Carlyle on sales made the previous month and make settlement therefor, Mosaic being permitted to retain, as its commissions, from said sales any amount received by it over the invoice price; prices at which Mosaic was to sell tile consigned to it were to be fixed by it after consultation with Carlyle; at the expiration of the agreement or any extension thereof tile remaining unsold in Mosaic's hands was to be returned to Carlyle.

Under our previous holdings the delivery of tile by Carlyle to Mosaic on consignment under the

agreement above noted, with permission to resell, did not result in an absolute but a conditional sale to Mosaic. *F. J. Dewes Brewery Co.* v. *Merritt,* 82 Mich 198 (9 LRA 270); *Pratt* v. *Burhans,* 84 Mich 487 (22 Am St Rep 703); *American Harrow Co.* v. *Deyo,* 134 Mich 639; *Worden Grocer Co.* v. *Blanding,* 161 Mich 254 (20 Ann Cas 1332); *Mishawaka Woolen Manfg. Co.* v. *Stanton,* 188 Mich 237 (LRA 1917B, 651). 17 ALR 1453, in commenting on these Michigan cases, says:

"They seem to be based upon the ground that as a matter of law, under such a permission to sell, the conditional buyer acted as agent of the seller."

"A contract by which a brewing company agrees to ship to a firm all beer ordered by them at an agreed price per barrel, the title to remain in the company until the beer is sold, and by which the firm agree to take and pay for the beer on the conditions named, is valid as to creditors of the firm, and creates a mere agency, under which the firm are to take and sell the beer, and pay over from the proceeds the agreed price per barrel." *F. J. Dewes Brewery Co.* v. *Merritt, supra* (syllabus).

Acting as Carlyle's agent, Mosaic engaged in soliciting orders here and making sales of tile stored in its Michigan warehouse. Such orders were taken, accepted and filled by Mosaic in this State. There can be no doubt, nor is it disputed, that, in so doing, Mosaic was doing business in Michigan. Inasmuch as it was acting as agent of Carlyle, it follows that Carlyle was doing business in Michigan and subject to service of process here. This view is in harmony with the holding in *International Shoe Company* v. *Washington,* 326 US 310 (66 S Ct 154, 90 L ed 95, 161 ALR 1057). Indeed, as it seems to us, a much stronger case is made out for such holding on the facts at bar than in *International Shoe.*

The question remains whether service on Mr. Burt constituted service on Carlyle. The statute, CL 1948, § 613.31 (Stat Ann § 27.761), provides that in suits against a foreign corporation process may be served upon any one of its agents within this State. Mosaic was Carlyle's agent. Mr. Burt, employee of Mosaic acting in furtherance of its business as Carlyle's agent with the full knowledge and approval of Carlyle, was himself the agent, not only of Mosaic but of Carlyle. Accordingly, service on him was proper and binding on Carlyle.

The order quashing service as to Carlyle is reversed and the cause remanded. Costs to plaintiff.

SHARPE, SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.

BOYLES, J., did not sit.