JENNINGS v. WSM, INC.

CORPORATIONS—FOREIGN—PROCESS—DOING BUSINESS—THEATERS AND
  SHOWS.
  Affidavit of president of defendant foreign corporation which
    showed that such defendant had never authorized anyone in
    this State to conduct a show in its behalf nor authorized the
    use of its copyright for show-advertising purposes, supported
    trial court's order quashing service of process upon it, where
    plaintiff filed no counterproof by affidavit and no request for
    depositional or other discovery of additional facts such de-
    fendant might have within its control (Court Rule No 35, § 6
    [1945]).

Appeal from Saginaw; Borchard (Fred J.), J.
Submitted January 9, 1963. (Calendar No. 17,
Docket No. 49,990.) Decided February 7, 1963.

Case by Wanda Jennings against WSM, Inc., a
Tennessee corporation, Grand Ole Opry, Johnny
Cash, and Phil Simon for personal injuries sustained
in fall caused by defective floor covering. Order
entered quashing service of process on defendant
WSM, Inc. Plaintiff appeals. Affirmed.

*Joseph J. Trogan,* for plaintiff.

*O'Keefe, Braun, Kendrick & Finkbeiner (Hugo
E. Braun, Jr.,* of counsel), for defendant WSM, Inc.

BLACK, J. Plaintiff attended a well advertised
performance of the show known as "Grand Ole

REFERENCES FOR POINTS IN HEADNOTE
23 Am Jur, Foreign Corporations § 487 *et seq.*

Opry." Presentation of the performance took place in the Saginaw civic auditorium. While walking along an aisle of the auditorium plaintiff tripped over a negligently maintained "torn runner" and sustained personal injury. Suing a number of named parties, including defendant WSM, Inc., a Tennessee corporation, she alleges and contends that the performance was presented by or in behalf of defendant WSM; that certain of the other defendants were agents of defendant WSM for the purposes of such presentation, and that defendant WSM is amenable to suit in Michigan since the cause arose out of "activities," within Michigan, of such agents.

Defendant WSM moved to quash service of process, made in Michigan by plaintiff upon the alleged agent-defendants, and supported its motion by affidavit sworn to by John H. DeWitt, Jr., of Nashville, Tennessee, president of defendant WSM. The affidavit, although conclusionary in some respects, establishes that defendant WSM has never done business within the State of Michigan and that its only connection with the performance at Saginaw was that the promoters and advertisers thereof assumed to use, without profit to or control by defendant WSM, WSM's "copyrighted name of a program (Grand Ole Opry) which appears regularly on radio station WSM" (broadcasting from Nashville, Tennessee).

Plaintiff did not counter this showing by an opposing affidavit or affidavits. Instead, she offered in evidence copies of a number of local advertisements of the performance featuring it as "Grand Ole Opry" or "Grand Ole Opry Show." One is headed "In Person—Stars of Grand Ole Opry!—direct from Nashville, Tenn."

During extended argument of the motion to quash plaintiff's counsel took position that "we do not believe that affidavit, and we want the affiant to take

the stand and be cross-examined"; also that "plaintiff would like the opportunity to cross-examine the affiant, Mr. DeWitt, because we wholeheartedly disagree with some of the things that he alleges in his affidavit." It is noteworthy, however, that counsel did not request an order for the taking of Mr. DeWitt's deposition, either at Nashville or at some intermediary point counsel and court might agree upon. Neither did he employ the interrogatory feature of Court Rule No 35, § 6 (1945).*

The circuit judge, having received and considered briefs to the point, concluded initially that the exhibits submitted by plaintiff were sufficient to create "questions of fact to be determined by a jury." However, upon motion for rehearing and consideration of additional briefs submitted by counsel, the judge concluded that "defendant WSM, Inc., was not doing business in the State of Michigan so as to subject it to service of process in Michigan" and that "the persons purportedly served as agents of defendant were not in fact agents of said defendant." Thereupon an order quashing service upon defendant WSM, Inc., was entered. Plaintiff appeals.

Mr. DeWitt's affidavit was fairly and comprehensively summarized by counsel during the hearing of defendant WSM's motion to quash. Counsel said of the affidavit, that:

"The WSM Corporation is a corporation never qualified to do business in Michigan; never conducted any type of business or business activity in Michigan; never had any office, agency, employees, agents or representatives in any capacity within the State of Michigan; has never made or performed any contract within the State of Michigan and further that Johnny Cash, Phil Simon, Roy Acuff, Don Gibson and Roger Miller, upon whom service was pur-

---

* Now GCR 1963, 302. (For addition and amendment to 1945 rule, see 334 Mich xl, 352 Mich xvii.—Reporter.)

portedly served, [as alleged agents of WSM, Inc.] were never—never have been an officer, agent or employee or other representative of WSM."

The presented question turns, of course, upon application or inapplication to the facts of familiar doctrine written in *International Shoe Company* v. *Washington*, 326 US 310 (66 S Ct 154, 90 L ed 95, 161 ALR 1057), echoed in our own cases of *National Concessions, Inc.*, v. *National Circus Corporations*, 347 Mich 335, and *H. F. Campbell Construction Co.* v. *Palombit*, 347 Mich 340, 343.*

The DeWitt affidavit might well have been the subject of searching cross-examination of the affiant with inquisition into corporate records disclosing full detail of the contractual and financial arrangement, if any, by which defendant WSM permits, if it does, use by promoters and performers of its 30-year copyrighted show-title "Grand Ole Opry." Nevertheless, there having been no counterproof by affidavit and no request for depositional or other discovery of additional facts defendant WSM may have within its control, we conclude that the affidavit sufficiently shows that defendant WSM has never authorized anyone to conduct—in Michigan—a show in its behalf; also that it has never authorized Michigan use of its copyright for show-advertising purposes.

The order quashing service is affirmed, with costs to appellee.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.

---

* For possible extension of *International Shoe's* scope (in Michigan), see chapter 7 of RJA, "Bases of Jurisdiction," CL 1948, § 600.701 *et seq.* (Stat Ann 1962 Rev § 27A.701), and GCR 1963, 105.4 and 105.9.