# DECISIONS

OF

# THE COURT OF APPEALS

## OF KENTUCKY,

AT THE SPRING TERM....1839.

---

## Marcum *et al. vs.* Hereford.

[Mr. Menifee for plaintiffs: Mr. Owsley for defendant.]

FROM THE CIRCUIT COURT FOR FLOYD COUNTY.

Judge MARSHALL delivered the Opinion of the Court.

COVENANT.

*April 4.*

BESIDES the covenant for the payment of money, the instrument sued on in this case, contains a stipulation for work and labor to be done by the defendant Hereford, in moving one of the houses leased to him by the plaintiffs. And according to the construction which this Court has repeatedly given to the statute authorizing the assignment of notes &c. for the payment of "money or property", such an instrument is not assignable, so as to pass the legal title to the assignee. *Force's Administrators* vs. *Thomason,* 2 *Litt.* 167; *Halbert* vs. *Deering,* 4 *Litt.* 9; *Henry* vs. *Hughes,* 1 *J. J. Marsh.* 454; *Boyd* vs. *Rumsey,* 5 *J. J. Marsh,* 42. And although it be true, as contended, that the declaration does not show a valid porting that the plaintiff has assigned it to another, cannot be taken advantage of by a mere prayer of oyer and demurrer, when there is no reference to the assignment in the body of the writing or in the declaration.

Bonds, bills and notes for money or property, are assignable by statute, but the statute does not extend to obligations for the performance of work and labor.

A covenant for the payment of money, in which there is also one for work and labor, is not assignable, so as to vest the assignee with the right to sue in his own name.

An indorsement upon a writing sued upon, pur-

VIII. 1

Spring Term
1839.

Marcum et al.
vs
Hereford.

breach of the covenant relating to the removal of the house, yet as the assignability of the instrument must depend upon its own terms, and not upon any extraneous allegations, this defect in the declaration does not affect the conclusion drawn from the statute and the cases above cited.

If, therefore, it were conceded, (as in our opinion it cannot be,) that in any case an assignment appearing on the back of a covenant sued on, posterior in date to the covenant, and not referred to, either in the body of the instrument, or in the declaration, could be taken advantage of by a mere prayer of oyer and demurrer, without any averment or even a grant of oyer—the assignments on the instrument now in question can have no effect either on demurrer or plea; because they did not, and could not, pass the right of action from the covenantees in whose names the suit was brought. And as the declaration shows one valid breach in the nonpayment of the money covenanted to be paid as rent, we are of opinion that the Circuit Court erred in sustaining the demurrer to it.

We have had some difficulty in determining whether the judgment rendered on the demurrer, should be considered as final, and in bar of the action, or as merely interlocutory. But it was obviously intended to be final and in bar; and although extremely informal and defective, we are of opinion, upon consideration of the whole entry, that it should be so understood.

Wherefore, the judgment is reversed and the cause remanded with instructions to overrule the demurrer to the declaration, and for further proceedings thereon.