JUDGE STITES
delivered the otinion op the court:
The first question arising in this case relates to the jurisdiction of this court over the judgment appealed from.
The judgment is an affirmance by the circuit court of Gar-rard county of an order of the county court making a settlement of the accounts of an administrator. It is contended that over such judgment this court has no jurisdiction, and in support of this position we are referred to the Civil Code, (section 16.) '
Unless the exceptions enumerated in that section embrace judgments of this kind, no doubt is entertained but that it comes within the general jurisdiction of this court conferred by the 15th section over all final orders and judgments.
That such judgments are not within the exceptions of the 16th section is, we think, very evident.
*449 The section is as follows: “ Where the action or proceeding is for the recovery of money or personal property, and the matter in controversy does not exceed one hundred dollars in value; or in behalf of the defendant, where the judgment of the inferior court is against him for money or personal property not exceeding in value one hundred dollars, unless reduced below that sum by a set-off or counter claim; or where the judgment grants a divorce; or where the judgment or order is by the quarterly court, county court, police court, city or may- or’s court, or justices’ court, and an appeal is given to the quarterly or circuit court, the court of appeals shall have no appellate jurisdiction.”
The obvious effect of the exceptions relating to quarterly, county, police, city, and justices’ courts, is to prevent appeals from the final judgments of such courts to this coui’t, wherever appeals are allowed from them to the circuit or quarterly courts. It was evidently the intent of the authors of the Code to constitute intermediate appellate tribunals in such cases, and to require the revisory action of the circuit or quarterly courts before the parties could appeal to this court; but not to deprive this court of its jurisdiction over the final judgments of the quarterly or circuit courts affirming or reversing the judgments or orders of the inferior tribunals. Wherever the amount in controversy is sufficient, this court has jurisdiction over and can revise the judgments or orders of the circuit court in such cases; and it has the same power over the judgments or orders of quarterly courts, where no appeal is allowed therefrom to the circuit court.
The circuit court had appellate -jurisdiction in this case over the judgment of the county court, (see Civil Code, section 20;) and the amount in controversy being sufficient, this court can revise the judgment of the circuit court affirming the judgment of the county court. On this point no doubt is entertained.
With regard to the merits of the controversy, we have been unable to perceive any error prejudicial to appellants.
The allowance made to Lusk, as administrator, was reasonable, as was his claim for professional services.
*450 As administrator he had the right, and it was his duty, to employ counsel; and the county court very properly refused to be controlled by the inquiry as to how far, and to what extent, the interest of each distributee would have been affected by the admission of the second paper offered as the will of John Clark.
The charges for the services of Lusk and Turner are shown to be reasonable; and we think the accounts were properly allowed.
Judgment affirmed.