### Morris N. Littlefield v. Samuel F. Hodge and Another.

Negotiable paper is not liable to be reached by garnishee process against the maker before maturity.

A note payable to order, and without contingency, on a day certain, is not the less negotiable because purporting to be according to the condition of a mortgage, when the terms of the mortgage correspond with those expressed in the note.

*Heard May 13th.    Decided May 14th.*

Appeal from Wayne Circuit in Chancery.
The case is sufficiently stated in the opinion.

*J. Van Rensselaer*, for complainant.
*Wells & Hunt*, for defendant.

CAMPBELL J.:

The complainant, being the holder of a negotiable promissory note given by S. F. Hodge, the defendant, secured by mortgage, filed his bill to foreclose. The note was originally given to one Cowles, and it was set up in defense that Hodge had, prior to the maturity of the note, been garnisheed upon a claim against Cowles, and suffered judgment for a portion of the amount of the note. It appears very clearly that Littlefield was a *bona fide* assignee of the note before it became due, and the evidence in no way tends to impeach his good faith.

We think the decree below was rightly made, in favor of the complainant. He was an entire stranger to the garnishee proceedings; and they could not stop the currency of commercial paper, the negotiability of which is recognized and protected, not only by the law merchant, but by express statute. Garnishee process is not, we think, properly applicable to such paper, until it has ceased to become negotiable, by falling due. The debtor can not know certainly in whose hands his obligation may be when it matures, and his admission that such a note is outstanding can not be effectual as an admission of indebtedness to the original holder, of such a character as to be a continuing liability in his hands. The courts have, very generally, in the absence of statutes to the contrary, regarded negotiable paper as not liable to be reached in this way; and the reasons on which they have so decided are obvious and unanswerable.—See *Drake on Attachment*, §577, *et seq.*

It was urged that the note in question here, although payable to order, and without contingency, on a day certain, was not negotiable, because it purported to be according to the condition of a mortgage. But as the terms of the mortgage correspond with those expressed in the note, there is nothing to affect its negotiability. Whatever might be the effect of a repugnancy (upon which we express no

opinion), nothing short of that could impair the negotiable character of the security.

The decree must be affirmed, with costs.

The other Justices concurred.