CHIEF JUSTICE WILLIAMS
delivered the opinion o)f the court:
The appellants leased a house and lot from J. H. West, and entered into a written contract agreeing to pay therefor one hundred and twenty-five dollar's, January 1, 1868, and to do certain improvements therein specified, West reserving the use of the stable and its appurtenances then on the lot, and to have certain specified improvements made. West assigned said covenant to Bush, who assigned it to Doty, the appellee, by written -indorsements. Doty, as assignee, brought suit in his own name without joining West as co-plaintiff, or making him a defendant, describing it as a promissory note for one hundred and twenty-five dollars.
The defendants demurred—
1. Because the plaintiff was not the owner of the premises, and there was no contract between the plaintiff and defendants.
2. Because the covenant is not assignable.
3. Because the plaintiff has no legal- interest in, nor authority to sue on, the covenant.
4. Because the petition does not show any authority in the plaintiff to demand judgment nor legal cause of action.
*422 5. Because the proper parties are not made.
6. Because the covenant filed is not properly set out in the petition.
7. Because the covenant filed is not the one described in the petition.
By section 6, chapter 22 (1 Rev. Stat., 268), “ all bonds, bills, or notes for money or property, shall be assignable, so as to vest the right of action in the assignee,” which is a literal transcript from the previous statute, and which had often been adjudicated as embracing only writings for money or property, and not such as contained covenants for other things, such as furnishing a slave with clothes, or for improving the leased premises, which were mere personal covenants. And in Marcum et als. vs. Hereford (8 Dana, 1), this court held, that a covenant to pay a given sum as rent, and to move a house, was a covenant for personal services as well as for the payment of money, and, therefore, not assignable “so as to pass the legal title to the assignee,” and reversed a judgment in the assignee’s favor.
By section 30, Civil Code, “ every action must be prosecuted in the name of the real party in interest, except as provided in section 33, which does not embrace mere assignees of notes, bonds,” &c.
Whilst, as decided by this court in Gill vs. Johnson (1 Met., 449), and Lytle vs. Lytle (2 Met., 127), the assignee being the equitable holder when the assignment did not pass the legal title, was a proper and essential party; yet the payee, though he had so assigned, still holding the legal title, was also an essential party, either as co-plaintiff or a defendant.
The demurrer being overruled, an exception thereto presents a reversible error, as where a defect of parties apparent in the record is a legal cause of demurrer; *423 although the description of this covenant in the petition, being merely as a promissory note, is quite inaccurate, yet, as it was filed, had it been assignable so as to pass' the legal title, we might not have reversed. For that reason alone the judgment is reversed, with directions for further proceedings as herein indicated.