## James G. Wright v. Samuel V. Irwin.

*Promissory notes.* The following instrument is held to be a promissory note, viz.: "For value received I promise to pay to the Northern Central Michigan Railroad Company or bearer the sum of fifteen hundred dollars, to be paid twenty per cent. a month from the first day of July, 1871,

towards the right of way and grading said railroad from Jonesville to the city of Lansing."

*Promissory notes: Evidence: Consideration: Bona fide holder.* The exclusion of evidence that the promissory note sued upon was obtained without consideration and by false inducements and fraudulent representations is not error where the plaintiff is presumptively a *bona fide* holder, and before any evidence has been introduced to impeach his position as such.

*Evidence.* The exclusion of an irrelevant instrument between third parties is not error.

*Promissory notes: Consideration: Misrepresentations.* It having been made to appear that plaintiff was not a *bona fide* holder of the note sued upon, it was error to exclude evidence tendered to show that the only inducement for the giving of the note was the statement to the maker by the director of the road to whom it was given, that the road would run through a named street and across his land, and that the depot would be located there, which statement was in point of fact not true.

*Heard October 20. Decided November 2.*

Error to Calhoun Circuit.

*A. M. Culver* and *Brown & Patterson,* for plaintiff in error.

*Rienzi Loud,* for defendant in error.

GRAVES, CH. J:

Irwin brought general assumpsit, and his ground of action was an instrument of the following tenor, dated Albion, June 19, 1871: "For value received I promise to pay to the Northern Central Michigan Railroad Company or bearer the sum of fifteen hundred dollars, to be paid twenty per cent. a month from the first day of July, 1871, towards the right of way and grading said railroad from Jonesville to the city of Lansing. J. G. Wright."

The general issue was pleaded, with notice of special matter, but no affidavit questioning the genuineness of the instrument was made.

The cause was tried by jury and a verdict returned for Irwin. A bill of exceptions was settled at Wright's instance, and he brought error. At the trial Irwin produced the instrument declared on, and offered it in evidence, and the

court admitted it against several objections. The only ground of objection which appears worthy of notice was, that the instrument was not a promissory note, and we are satisfied this was not tenable.

That Wright executed and delivered the paper to the company was fully admitted by his failure to show any thing by affidavit to the contrary,—*Burson v. Huntington, 21 Mich., 415; Polhemus v. Savings Bank, 27 Mich., 44,* and other cases; and the authorities are full to show that the writing is a promissory note.—*Edwards on Bills, ch. 3.* It contains all the elements required, and the statement at the end, about right of way and grading, does not take away its legal quality as a promissory note.

Wright, for an expressly admitted consideration, promised to pay the company or bearer a certain sum of money in definite instalments at specified times, and he promised nothing else. He admits he delivered it to the company. There is no contingency, no alternative, no uncertainty. The passage superadded goes to explain how the party absolutely entitled to receive the money was expected to employ it; that is all, and it served in no manner to impair the right to exact the money promised at the times set for payment, as so much money payable by the provisions of a promissory note.—*Beardslee v. Horton, 3 Mich., 560; Knight v. Jones, 21 Mich., 161; Littlefield v. Hodge, 6 Mich., 326; Fairchild v. Ogdensburgh, Clayton & Rome R. R. Co., 15 N. Y., 337; Hodges v. Shuler, 22 N. Y., 114; Bull v. Sims, 23 N. Y., 570; Oatman v. Taylor, 29 N. Y., 649, 665; Cota v. Buck, 7 Met., 588; Wells v. Brigham, 6 Cush., 6; Taylor v. Curry, 109 Mass., 36; Protection Insurance Co. v. Bill, 31 Conn., 534; Holland v. Hatch., 15 Ohio St., 464.*

The case of *Cook v. Satterlee, 6 Cow., 108,* which was most relied on to support the objection, is not at all analogous. There W. F. and C. E. Clark drew a bill upon the Satterlees, and thereby requested them to pay four hundred dollars and take up a note for the amount which had been given

by William and Henry B. Cook. By acceptance the Satterlees promised to do what was requested by the drawers, and the court considered that the undertaking amounted to a promise to pay four hundred dollars on the giving up of the note, and so was conditional; and hence, as the court said, the instrument was not "technically" a bill of exchange.

Whether this view was right or wrong, it has no bearing here.

There was no force in the objection to the question put to Stetson, when asked whether the note shown to him was that on a copy of which he had computed the interest.

When the plaintiff below rested, the defendant proceeded to offer evidence for the purpose of showing, as he claimed, that the note was obtained without consideration and by false inducements and fraudulent representations made by one then acting on behalf of the company, and who treated for the note, and in fact received it when made.

On objection by counsel for the plaintiff below this evidence was excluded. These rulings were certainly correct when they were made. Without stopping to consider whether the proof tendered, or any part of it, would have been objectionable or not if the defendant had been in a situation at the time to advance the proposed defense as we understand it against Irwin, it is enough for the present purpose that he was not then in such a situation.

Irwin was presumptively a *bona fide* holder, and no evidence had then appeared to impeach his position as such and open the way to the defense. At a subsequent stage of the trial, and after these rulings, it was admitted for the purpose of the trial that Irwin took the note after it had fully matured from W. H. Brockway, who was then, and also at the time of the trial, a director of the company; that at the time of taking it Irwin was also a director and the president of the company, and that the note was an item of the assets retained by Brockway pursuant to a written instrument purporting to have been made by the company and Brockway under date of the 19th of August, 1871, or

two months subsequent to the date of the note, and at which time Brockway was acting as one of the board of directors; that this instrument provided, amongst other things, that Brockway, in consideration of the covenants and agreements to be kept and performed by him, should have as his own property all the notes and subscriptions then in any wise belonging to the company. Thereupon the plaintiff in error offered in evidence an instrument in writing, purporting to have been executed between the company of the one part, by Mr. Brockway as their agent, and J. Condit Smith of the other part. This instrument bore date on the 8th day of June, 1871, or eleven days prior to the execution and delivery of the note by Wright to the company. The admission of the paper was objected to, and the court excluded it. No explanation was given as to what was aimed at by its introduction, and as its relevancy was not apparent, the ruling was not irregular.

Wright's counsel then offered evidence that the only inducement for his giving the note was Mr. Brockway's statement that the road would run through Center street in Albion, and across Wright's land, and that the depot would be located there, and that Wright could have sub-contracts for construction. This was rejected. The offer was not very precise and clear, but I am inclined to think it ought not to have been refused. The respective positions of Irwin and Brockway, their relations to the company, and their relations to each other through the company, had been shown. These and the other facts belonging to the case should be considered in connection with the proposal in question, and thus looking at the matter, the offer may be construed as importing a tender of evidence to show that the consideration of the note consisted in benefits Wright might naturally expect, and did expect, from the final location of the road through Center street and across his land, and the location of the depot there; that Brockway being in a situation to know, and Wright not, the former assured Wright that the road and depot would be there, and hence gave

WRIGHT v. IRWIN.

Wright to understand that the sites of the road and depot were finally fixed and settled, and that Wright confided in Brockway's assurance, and was thereby caused to believe, and did believe, that it was settled and determined that the road would go through Center street and across his land, and that the depot would be there placed.

Now if Wright was brought to give the note by such inducements, and Mr. Brockway was either aware that the road and depot would not be so placed, or had no good reason for believing that they would be, and in point of fact they were fixed elsewhere, it appears to me that it should be left to the jury to find that the note was obtained by fraudulent misrepresentations.—*Beebe v. Knapp, 28 Mich., 53; Bristol v. Braidwood, Ib., 191; Shaeffer v. Sleade, 7 Blackf., 178; Sawyer v. Prickett and wife, 19 Wall., 146.*

Contemplating the offer in this way, the gist of the representation proposed to be shown would not be matter of opinion, or promissory in character, but of the existence of a fact or circumstance sure to produce consequences which Wright was willing to assume, and did actually assume would be valuable to him. But the offer may be viewed in another aspect. The evidence proposed had, with other facts admitted to the jury, some tendency to show that the company, through Mr. Brockway, their agent, obtained the note on the consideration and agreement that the road and depot were already definitely located so as to cross his land and make the depot there, and as the fact was not so, and the road and depot were made elsewhere, the note was without consideration.

On the whole, it seems to me the evidence offered should have been submitted to the jury under proper instructions calling for their interpretation and application of it.

The judgment is reversed, with costs, and a new trial ordered.

The other Justices concurred.