CHOATE v. STEVENS.

1. PROMISSORY NOTES—ADDED RECITALS—CONDITIONAL SALE.
An instrument in the form of a promissory note, which con-
tains a recital that the consideration for it and for certain
other notes is a soda fountain, described in a contract of sale
of even date; that the maker, to whom the apparatus has
been delivered, is to acquire no title thereto until all the
notes are paid; and that the payee is to have the right, in case
of nonpayment at maturity of either of the notes, to "enter
and retain immediate possession of the property, * * *
and remove the same,"—imports an absolute, not a condi-
tional, sale, with reservation of title by way of security.

2. SAME—NEGOTIABILITY.
The negotiability of such note is not impaired by the recitals as
to the consideration and reservation of title.

3. SAME—CONSTRUCTION—SURROUNDING CIRCUMSTANCES.

>   Whether the written contract of sale, executed some days before, in accordance with the terms of which the notes in question were given, could properly be examined by the court for the purpose of determining the character of the transaction as bearing upon the negotiability of the note, in case the recitals in the note had left the matter in doubt,—*quære.*

Error to Wayne; Hosmer, J. Submitted October 15, 1897. Decided March 1, 1898.

*Assumpsit* by Rufus M. Choate against Frederick D. Stevens and Frederick J. Todd upon promissory notes. From a judgment for plaintiff, defendants bring error. Affirmed.

*Frank D. Andrus*, for appellants.

*Bowen, Douglas & Whiting*, for appellee.

HOOKER, J. The defendants have appealed from a judgment upon two written instruments, substantially alike, of one of which the following is a copy:

" $115.                          DETROIT, July 25, 1893.

" For value received, March 16, 1895, after date, I promise to pay to the order of Low's Art Tile Soda-Fountain Co. one hundred and fifteen dollars, with interest 6 per cent.

" The consideration of this and other notes is the soda-draught apparatus described in contract of same date as this and other notes, which soda-draught apparatus the undersigned has received of said Low's Art Tile Soda-Fountain Co. Nevertheless it is understood and agreed by and between the undersigned and the said Low's Art Tile Soda-Fountain Co. that the title to the above-mentioned property does not pass to the undersigned, and that, until all said notes are paid, the title to the aforesaid shall remain in the said Low's Art Tile Soda-Fountain Co., who shall have the right, in case of nonpayment at maturity of either of said notes, without process of law, to enter and retain immediate possession of said property, wherever it may be, and remove the same. Payable at the Preston National Bank."

Each bears, as an indorsement, the name of the payee. The defendants say that they were improperly admitted in evidence, for the reason that they are not promissory notes, and that, if the indorsements are to be treated as an assignment of the chose in action, it should have been alleged in the declaration; and, further, that there was no evidence that the plaintiff was the owner of the notes sued upon. Both briefs indicate that the question considered most important, if not decisive of the case, is that of the negotiability of the notes.

The instruments—to the end of the fifth line—are in form promissory notes. If there were nothing more, they would be as perfect and complete promissory notes as it is possible to make. The writing proceeds to state the consideration for said notes, which, though not essential, was harmless. *Wright* v. *Irwin*, 33 Mich. 32. This is followed by the statement that the parties agree that the title to the property for which the notes were given shall remain in the payee, who, in case of nonpayment at maturity of either of said notes, "may enter and retain immediate possession of the property, without process of law, wherever it may be, and remove the same." If it can be said that this writing shows a sale of the soda fountain, as contradistinguished from a contract to sell, the provisions as to title amount to no more than a chattel mortgage. Mr. Justice Harlan said in the case of *Chicago Railway Equipment Co.* v. *Merchants' Bank*, 136 U. S. 280:

"The fact that, by agreement, the title is to remain in the vendor of personal property until the notes for the price are paid, does not necessarily import that the transaction was a conditional sale."

In that case the court was able to find from the evidence that the parties intended to effect a sale, and that the title reserved was merely the title of a mortgagee. The distinguished jurist added that "each case must depend upon its special circumstances," which proposition is emphasized by the case of *Harkness* v. *Russell*, 118 U. S. 663, where

the facts were held to show a conditional, and not an absolute, sale. If we can place this construction on this transaction,—*i. e.*, that it was a sale,—there is no difficulty in sustaining the negotiability of this note, under our own decisions. See *Brooke* v. *Struthers*, 110 Mich. 562; *Wilson* v. *Campbell*, Id. 580.

The record shows that the soda fountain was furnished under a written contract, and that these notes were given some days later after delivery, in accordance with its terms. If we were to consider the provisions of this contract, we should not hesitate to say that this was a sale with a reservation of title by way of security. As said in *Brooke* v. *Struthers, supra*, there are cases which hold that a contemporaneous writing may be examined to determine the negotiability or nonnegotiability of a note. See cases cited. While, perhaps, this contract is not strictly a contemporaneous writing, it was one of the surrounding circumstances under which the notes were made. But we find it unnecessary to pass upon that question, as we think the same is implied by the notes. These being negotiable notes, a declaration upon the common counts was sufficient, under our well-settled rule. The judge allowed the jury to consider defendants' right to damages by way of recoupment, and, apparently, such damages were allowed. We think the ownership established. No question appears to have been raised at the trial over the genuineness of the indorsements.

We find no error in the record, and the judgment is affirmed.

The other Justices concurred.