SCHMIDT *v.* PEGG.

1. BILLS AND NOTES — NEGOTIABILITY — CONDITIONAL SALE DISTINGUISHED FROM SECURITY.

The negotiability of promissory notes given by the purchaser of a threshing machine to the vendor, reserving title as security, was not affected by a clause in the instruments granting to the seller the right to declare the notes due in case of any default, of a levy on the machine or attempt to dispose of it.[1]

---

[1] For negotiability of note as affected by uncertainty of time of maturity, see note in 1 L. R. A. (N. S.) 1120.

2. SAME—CHATTEL MORTGAGES.

> The transaction was not a conditional sale; the notes being signed after delivery of the machine, and title being reserved by way of security only.

3. SAME—QUALIFIED INDORSEMENT—PARTIES.

> An indorsement on a promissory note "without recourse and without warranty of any character" is a qualified indorsement within the meaning of sections 40 and 53 of the negotiable instruments law (Act No. 265, Pub. Acts 1905, 2 How. Stat. 2d Ed. §§ 2711, 2724).

4. SAME—PARTY PLAINTIFF—INDORSEMENT WITHOUT RECOURSE—ASSIGNMENT.

> Such an indorsement is to be distinguished from an assignment, and authorizes the indorsee to bring action in his own name under section 53 of the act.

Error to Lake; Withey, J. Submitted April 10, 1912. (Docket No. 94.) Decided October 1, 1912.

Assumpsit by Theodore Schmidt against B. Lee Pegg upon certain promissory notes. A judgment for defendant upon a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*B. N. Savidge,* for appellant.

*Howard F. Withey,* for appellee.

McALVAY, J. Plaintiff, for many years an agent of the International Harvester Company of America, in March, 1909, sold to defendant a threshing machine upon a written order in the usual form. This machine was shipped, and plaintiff delivered it to the defendant, and settlement was made with him by his three promissory notes, written on the usual form blank furnished by the company, containing the usual conditions, and reserving title in the company until payment in full. This machine was invoiced from the company to the plaintiff, who paid for it, deducting the dealer's discount, and the notes above referred to were not out of plaintiff's possession except to be indorsed by the company. It appears that the machine was delivered to defendant before the notes were

signed. Two of these notes are the subject-matter of this suit. The indorsements on the notes were as follows:

"Without recourse and without warranty of any character, pay to the order of Theodore Schmidt.

"INTERNATIONAL HARVESTER COMPANY OF AMERICA,
                "By B. F. FALLEN, General Agent."

Suit was brought by declaration, and a plea of the general issue was entered on the part of defendant, with certain notices, which are immaterial to the issue presented. The case was disposed of in the trial court upon a motion made by the defendant when plaintiff rested his case, asking for an instructed verdict in his behalf, on the ground that the action on the notes should have been brought in the name of the assignor, and not plaintiff, and that, from the evidence presented, plaintiff had no right to bring suit in his own name, the trial judge holding that this case was controlled by the case of *Gale* v. *Mayhew*, 161 Mich. 96 (125 N. W. 781, 29 L. R. A. [N. S.] 648). This is the only question involved in the case, which is before us for review upon writ of error.

The contention is made by appellant that these notes were nonnegotiable on account of the uncertainty of the time of payment by reason of the provision contained in them that, "if default is made in the payment of any note or the machine is levied upon or undersigned attempts to sell or remove same, said company may declare all the notes due," and that plaintiff may, therefore (under section 10054, 3 Comp. Laws), bring suit in his own name. In our opinion this contention is not tenable. The record shows that this was not a conditional sale. The notes were given after the delivery of the property. It was a sale with a reservation of title by way of security only. Under former decisions of this court, it has been held that such notes are negotiable. *Wilson* v. *Campbell*, 110 Mich. 580 (68 N. W. 278, 35 L. R. A. 544); *Choate* v. *Stevens*, 116 Mich. 28 (74 N. W. 289, 43 L.

R. A. 277). See, also, *Brooke* v. *Struthers,* 110 Mich. 562 (68 N. W. 272, 35 L. R. A. 536).

The construction of sections 40 and 53 of the "Negotiable Instruments Law" is involved in the consideration of the contention that the case of *Gale* v. *Mayhew, supra,* is conclusive in this case. Taking up the consideration of section 40 of that law, being Act No. 265 of the Public Acts of 1905, we find its terms to be as follows:

" A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words ' without recourse ' or any words of similar import. Such an instrument (indorsement) does not impair the negotiable character of the instrument." (2 How. Stat. 2d Ed. § 2711).

By this section the legislature has defined a "qualified indorsement," and restricted such definition by the words, " It may be made by adding to the indorser's signature the words ' without recourse ' or any other words of similar import." In the instant case the indorsement upon each of these notes to be considered is as follows: " Without recourse and without warranty of any character." Such indorsement is within the definition of a qualified indorsement specified in said section 40. The words, " without recourse," are the exact words of the statute, and the clause " and without warranty of any character" is clearly included in the phrase "words of similar import." By the terms of section 40 "such qualified indorsement does not impair the negotiable character of the instrument." The provisions of section 53 of this law are as follows:

" The holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument." (2 How. Stat. 2d Ed. § 2724.)

The provisions of these sections are not inconsistent with each other, and, in our opinion, section 53 simply provides that the holder of a negotiable note, indorsed to him with a qualified indorsement, as defined in section 40, may

bring suit thereon in his own name. The learned circuit judge was in error in holding that in the case of *Gale* v. *Mayhew, supra,* this court held to the contrary. In that case the indorsement under consideration was in the following words: " I hereby assign my interest in this note to ———." It was contended in that case that such an indorsement was within the provisions of section 40 of the negotiable instruments law. This court, in terms, in that opinion, in deciding that section 40 did not apply, said:

" It cannot be said that the words used in the case we are considering were equivalent to an indorsement without recourse."

In that case, as in the instant case, the note in question was a negotiable note, but the court held that the indorsement was not a " qualified indorsement " provided by section 40, and that, in case of an indorsement of the character of the one then under consideration, the rule of law established by this court that suit upon such a note must be brought in the name of the assignor was applicable. The distinction between the case of *Gale* v. *Mayhew, supra,* and the instant case, is made by the character of the indorsement put upon the note by the assignor. In both cases the indorser is a mere assignor of the title. In the former case such an indorsement was not the " qualified indorsement " defined by section 40. In the instant case it was such a " qualified indorsement," and therefore, under section 53, the suit was properly brought in the name of the plaintiff.

For the reasons stated, the judgment of the circuit court will be reversed, and a new trial ordered.

MOORE, C. J., and STEERE, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.