### FIRST STATE SAVINGS BANK *v.* RUSSELL.

1. Bills and Notes—Chattel Mortgages—Title-Retaining Contract.

An instrument in which the buyer of an automobile promised to pay a certain sum as part payment thereof, providing that the seller retain title and right of possession until paid for, and also providing for acceleration of time of payment and for inclusion of "accessories, parts or repairs" in the security, was a note and chattel mortgage.

Recital in note as to security as affecting its negotiability, see annotation in 32 L. R. A. (N. S.) 142.

Negotiability of note as affected by provision therein, or in mortgage securing the same for the payment of taxes, assessments, or insurance, see annotation in 45 A. L. R. 1074.

2. Same—Note and Mortgage Read as Whole in Determining Negotiability.

A note and chattel mortgage in one instrument must be read as a whole and all of its provisions taken into account in determining negotiability.

3. Same—Negotiability.

A note may be negotiable though secured by a mortgage.

4. Same—Provision for Insurance Renders Note Nonnegotiable.

A note and chattel mortgage in one instrument, given as part of the purchase price of an automobile, in which the maker agrees to insure it for the benefit of the payee, is nonnegotiable (2 Comp. Laws 1915, § 6046).

Case-made from Wayne; Marschner (Adolph F.), J. Submitted June 7, 1928. (Docket No. 45, Calendar No. 33,710.) Decided October 1, 1928.

Assumpsit in justice's court by the First State Savings Bank of Birmingham against George W. Russell on promissory notes. There was judgment for defendant, and plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant appeals. Reversed, and judgment ordered entered for defendant.

*Harold F. Coyle,* for appellant.

*Allen T. Brown,* for appellee.

Fead, C. J. It is conceded that the maker of the following instrument has a good defense against the payee and that plaintiff is a *bona fide* holder for valuable consideration, before maturity and without notice of defense. The question is whether the instrument is negotiable. Defendant contends that it is not negotiable because it is a title-retaining contract, the amount payable is not certain (negotiable instruments law, 2 Comp. Laws 1915, § 6042), and it

provides other engagements than the payment of money (2 Comp. Laws 1915, § 6046), on account of the provision for insurance.

"Birmingham, Mich., May 29, 1925.

"$60.00.

"One month after date I promise to pay to the order of Bloomfield Oakland Sales & Service at the First State Savings Bank of Birmingham, Mich., Sixty and no/100 Dollars.

"This note is one of a series of 10 notes representing part payment for one Oakland Sedan, serial No. 52487, Motor No. L. 54073. It is agreed that title and ownership and right of possession to said automobile does not pass from said payee or his assigns until all of said notes, renewals thereof, or judgments thereon, shall be paid in full, that upon default in payment of this note, or breach of any covenant herein contained, or the misuse of or attempt to sell, dispose of or encumber said automobile, or whenever the holder hereof shall deem himself insecure for any reason, all of said notes shall become immediately due and payable and said automobile may be taken by the legal owner hereof without demand or process of law; that in the event of such retaking of said automobile, all payments made on this or any of said notes shall be deemed to be compensation for the use and depreciation of said automobile.

"It is further agreed that said automobile shall not be removed from the State of Michigan except with the written consent of the legal owner hereof; and that he will use said automobile in a reasonable and prudent manner and not in violation of any statute or ordinance; and that the maker hereof will insure said automobile against loss or damage by fire or theft in amount sufficient to secure payment of said notes, under policies approved by and deposited with the legal owner hereof, which policies shall provide for payment of any loss thereunder to the legal

owner hereof, as its interests may appear. The provisions of this note shall apply to any and all accessories, parts or repairs, that may be used by the maker hereof in connection with said automobile. The guarantors and indorsers hereon hereby consent to all renewals and extensions that payee or his assigns may grant hereof and waive presentment for payment, protest and notice of protest, and nonpayment of this note.

(Signed) "G. W. Russell."

The clauses for acceleration of time of payment and for inclusion of "accessories, parts or repairs" in the security, stamp the instrument as a note and chattel mortgage. *Heyman Co.* v. *Buck,* 221 Mich. 225; *Burroughs Adding-Machine Co.* v. *Wieselberg,* 230 Mich. 15.

It is one instrument, must be read as a whole and all its provisions taken into account in determining negotiability. *Vancouver National Bank* v. *Starr,* 123 Wash. 58 (211 Pac. 746); 32 L. R. A. (N. S.) 866, note; 8 C. J. p. 85.

A note may be negotiable although secured by a mortgage. *Littlefield* v. *Hodge,* 6 Mich. 326; *Choate* v. *Stevens,* 116 Mich. 28 (43 L. R. A. 277); *Schmidt* v. *Pegg,* 172 Mich. 159.

A note, secured by mortgage on real estate, is rendered nonnegotiable by a promise in the note to pay taxes on the mortgage, that not being an obligation imposed by law on the mortgagor. *Walker* v. *Thompson,* 108 Mich. 686. See, also, *Cayuga County National Bank* v. *Purdy,* 56 Mich. 6; *Brooke* v. *Struthers,* 110 Mich. 562 (35 L. R. A. 536); *Wilson* v. *Campbell,* 110 Mich. 580 (35 L. R. A. 544).

By analogy, the undertaking in the note at bar to effect insurance renders the note nonnegotiable.

This view is supported by the weight of authority (45 A. L. R. 1079, note), although there are decisions

to the contrary on the theory that the engagement to effect insurance "relates to the security and not to the indebtedness." 45 A. L. R. 1092, note. Plaintiff had judgment on four notes.

The judgment will be reversed and one entered for defendant, with costs.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.