DART NATIONAL BANK *v.* BURTON.

1. BILLS AND NOTES—CHATTEL MORTGAGE NOTES—NEGOTIABILITY.
   Retention of title as security only to chattels sold does not destroy negotiability of note given in payment.

2. SALES—CHATTEL MORTGAGES—CONDITIONAL SALES—BILLS AND NOTES.
   Transaction may be put through by promissory note reserving title to chattels by way of security only, not constituting pure conditional sale.

3. SAME—VENDOR MAY SUE ON NOTE AND RETAIN SECURITY.
   Vendor may sue on notes reserving title to chattels as security only without losing his security, and may also take possession of property.

4. BILLS AND NOTES—CHATTEL MORTGAGE NOTES—ACCELERATION CLAUSE.
   Acceleration clause in chattel mortgage note does not destroy its negotiability.

5. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS.
   Affidavits in opposition to motion for summary judgment in action on negotiable note, *held*, to establish no defense as against holder in due course.

6. BILLS AND NOTES—USURY NO DEFENSE AGAINST HOLDER IN DUE COURSE.
   Defense of usury may not be urged against holder of note in due course.

7. ALTERATION OF INSTRUMENTS—BILLS AND NOTES.
   Material alteration, to fall within negotiable instruments act (2 Comp. Laws 1929, §§ 9373, 9374), must be of writing itself.

8. BILLS AND NOTES—ALTERATION OF INSTRUMENTS—SUBSTITUTION OF SECURITY—INDORSERS.
   Substitution of one cow for another by agreement of maker and payee of chattel mortgage note did not constitute alteration of instrument releasing indorser from liability to holder in due course.

---

On provision accelerating maturity as affecting negotiability, see annotation in 35 L. R. A. (N. S.) 390; L. R. A. 1915B, 472; 34 A. L. R. 872; 72 A. L. R. 268.

On usury as a defense against a *bona fide* purchaser of a bill or note, see annotation in L. R. A. 1918C, 773.

9. Judgment—Summary Judgment—Refusal of Requested Interrogatories.

Refusal to permit requested interrogatories as to matters constituting no defense in action on chattel mortgage note by holder in due course, on motion for summary judgment, *held*, not error.

Appeal from Wayne; Campbell (Allan), J. Submitted March 1, 1932. (Docket No. 38, Calendar No. 36,135.) Decided April 4, 1932.

Assumpsit by Dart National Bank against Charles W. Burton on a promissory note. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*Warren, Hill & Hamblen* (*Charles E. Lewis* and *Austin Fleming*, of counsel), for plaintiff.

*Yerkes, Goddard & McClintock* (*C. Upton Shreve*, of counsel), for defendant.

Wiest, J. This is an appeal by defendant from a summary judgment against him as an indorser of the following note:

"Mason, Michigan, October 24, 1930.
"On or before sixty days after date, I promise to pay to August Musolff or bearer, for value received, eleven hundred fifty dollars at the office of Dart National Bank, Mason, Michigan, with interest at the rate of seven per cent. per annum. This note is given on the sale and purchase of one pair of horses dapple gray 4 & 5 years old; five head of registered Holstein cows and also all increase and it is expressly agreed that the title thereto shall remain in the said payee or any holder hereof until this note, or any renewal thereof, is fully paid, whereupon said title shall vest in the undersigned. In case default is made in such payment or said payee or any holder hereof shall deem himself insecure, or said property

is removed from the premises now occupied by me without written consent of the said payee or any holder hereof this note shall become immediately due and payable and the said payee or any holder hereof is authorized to take possession of said property at once, wherever the same may be found. And after five days' written notice mailed to me at the post office named below, sell and dispose of same at public or private sale, and after deducting all expenses connected therewith apply proceeds of such sale to the payment thereof, and the balance, if any, I agree to pay without interest as aforesaid. All parties to this instrument do hereby expressly waive presentation, demand, protest and notice of protest and consent that time may be extended without notice. We, each hereby certify that no undue influence or constraint has been exerted against the undersigned Mrs. Ulch in the execution hereof.

"(Sgd.) GEORGE H. ULCH.
"(Sgd.) LEONTINE ULCH."

This note was a renewal of a previous note of like wording, also indorsed by defendant, and which had been purchased by plaintiff before maturity, and of which plaintiff was holder in good faith.

By answer defendant admitted execution of the note and his indorsement but asserted it was nonnegotiable and alleged usury in the original note by way of a $50 bonus, and alteration by substitution of one animal for another and consequent impairment of the security without his consent.

Defendant presents four questions:

"(1) Was the note sued upon by plaintiff as a matter of law negotiable?

"(2) Were the affidavits in opposition to motion for summary judgment as a matter of law sufficient?

"(3) Did the lower court err in refusing to consider the defenses set up in the affidavits in opposition to motion for summary judgment?

"(4) Did the lower court err in refusing to take the interrogatories requested by appellant as provided for by section 6 of Court Rule No. 30, upon the filing of the affidavit according to rule?"

The note was in the nature of a chattel mortgage for, on its face, it evidenced retention of title as security only. Retention of title, by way of security only, does not destroy negotiability.

As stated in Hersch on Michigan Conditional and Instalment Sales, § 32:

"However, a transaction may be put through by promissory notes * * * reserving title by way of security only, not constituting a pure conditional sale. (*Choate* v. *Stevens,* 116 Mich. 28 [43 L. R. A. 277]; *Van Den Bosch* v. *Bouwman,* 138 Mich. 624 [110 Am. St. Rep. 336]; *Tropical Paint & Oil Co.* v. *Hall,* 225 Mich. 293.) And vendor can sue upon the notes without losing his security and may also take possession of the property. (*Holcomb & Hoke Manfg. Co.* v. *Cataldo,* 199 Mich. 265; *Atkinson* v. *Japink,* 186 Mich. 335.) Such notes are negotiable. (*First State Savings Bank* v. *Russell,* 244 Mich. 298; *Schmidt* v. *Pegg,* 172 Mich. 159; *Wilson* v. *Campbell,* 110 Mich. 580 [35 L. R. A. 544]; *Choate* v. *Stevens,* 116 Mich. 28 [43 L. R. A. 277]; *Brooke* v. *Struthers,* 110 Mich. 562 [35 L. R. A. 536]; *Littlefield* v. *Hodge,* 6 Mich. 326.)"

Defendant claims that the acceleration provision in the note destroyed negotiability.

We said in *First State Savings Bank* v. *Russell, supra,* of quite a similar note:

"The clauses for acceleration of time of payment and for inclusion of 'accessories, parts or repairs' in the security, stamp the instrument as a note and chattel mortgage. *Heyman Co.* v. *Buck,* 221 Mich. 225; *Burroughs Adding Machine Co.* v. *Wieselberg,* 230 Mich. 15."

Also:

"A note may be negotiable although secured by a mortgage. *Littlefield* v. *Hodge,* 6 Mich. 326; *Choate* v. *Stevens,* 116 Mich. 28 (43 L. R. A. 277); *Schmidt* v. *Pegg,* 172 Mich. 159."

The affidavits in opposition to the motion for summary judgment established no defense against plaintiff bank, a *bona fide* holder, the note being negotiable and purchased in due course by plaintiff before maturity.

The defense of usury cannot be urged. It is also claimed that negotiability of the note was destroyed by material alteration, in that one cow was exchanged with the payee for another. A material alteration, to fall within the negotiable instruments act (2 Comp. Laws 1929, §§ 9373, 9374), must be of the writing itself. The substitution of one cow for another by agreement of the maker and payee did not constitute alteration of the instrument releasing the indorser. Defendant was not a guarantor but an indorser, and, as such, cannot urge an alteration in the security arising out of the exchange of one cow for another.

The alleged defenses set up in the affidavits in opposition to the motion for summary judgment were not available against a good-faith holder of the note.

One of the attorneys for defendant made affidavit:

"That certain material facts which ought to appear in the affidavits of Charles W. Burton and Leontine Ulch are known to C. C. Dart and Albert Musolff, whose affidavits affiant is unable to secure by reason of their hostility and that they have personal knowledge of the fact that the cow was removed from the farm of Mrs. Ulch and removed from the security of the title-retaining note without

the knowledge or consent of said Charles W. Burton and that if at the time Albert Musolff removed the cow the plaintiff was the holder of said note and the title to said cow, that the said Albert Musolff acted as the agent of said plaintiff, and this deponent believes that if placed under oath and sworn they would be required to testify to said material fact.

"Wherefore, your deponent believes that by the issuing of interrogatories that such facts could be presented to the court in opposition to the motion for summary judgment, and that a continuation should be had for the purpose of submitting said interrogatories to said parties, as allowed by section 6, Court Rule No. 30."

Mr. Dart was a witness at the hearing of the motion for summary judgment, and testified that he first learned of the substitution of one cow for another from the affidavit of defendant.

There was no error in not permitting the requested interrogatories, for the matters sought constituted no defense against a *bona fide* holder.

The judgment is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.