## P. A. Starck Piano Co. v. Hardin.

(Decided Oct. 13, 1933.)

S. D. HODGE for appellant.

C. A. PEPPER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The P. A. Starck Piano Company sued John O. Hardin to recover a balance of $242 due upon a contract in the form of a note executed by him to G. S. Lewis and by the latter assigned to the P. A. Starck Piano Company; its petition as amended was held bad on demurrer and dismissed. It has filed in this court a copy of the record, and has made a motion for an appeal.

After he obtained this note, G. S. Lewis wrote his name across the back of it, and it was thus assigned to the P. A. Starck Piano Company. After it had sued on this note, it caused a very elaborate assignment to it to be written, upon this note, above the signature of Lewis. This it had the right to do. See Cope v. Daniel, 39 Ky. (9 Dana) 415.

Hardin bought a piano from G. S. Lewis and gave him therefor the note sued on. In it Hardin not only agreed to pay to the order of Lewis a certain sum of money, but in addition agreed further: "The subscriber also agrees to insure the instrument herein described in favor of said G. S. Lewis, as its interest may appear."

These parties appear to have the idea this note cannot be assigned so as to vest the right of action in the assignee, unless it be a negotiable instrument, and they devote the greater part of their briefs to the discussion of whether it is a negotiable instrument, but we need not and do. not decide that question. The parties might find it well to look at the case of First State Savings Bank v. Russell, 244 Mich. 298, 221 N. W. 142.

This note was certainly assignable under the Act of February 10, 1798, which was section 6, c. 22, Rev. Stats. 1852, and is now section 474, Ky. Stats. However, it appears from case of Hicks v. Doty, 67 Ky. (4 Bush) 420, that G. S. Lewis would be a necessary party either plaintiff or defendant. Defendant should have raised that question by special demurrer. It cannot be raised by general demurrer, and, having demurred generally, the defendant waived the question of defect of parties. Walton v. Washburn, 64 S. W. 634, 23 Ky. Law Rep. 1008. See notes under section 19 of Civil Code of Practice. It is too late to raise it now.

The motion of the P. A. Starck Piano Company for an appeal is sustained, and the trial court is directed to overrule the demurrer and let the cause proceed.

Judgment reversed.