Stewart, J.,
concurring. I concur in the syllabus and in the judgment, although I do not agree that the insecurity clause in the mortgage is not incorporated in the note. I am in accord with the language in Beutel’s Brannan Negotiable Instruments Law (7 Ed.), 276, where it is stated:
“A note payable at a fixed date but with a provision that ‘this note shall become due and payable on demand at the option of the payee, when it deems itself insecure,’ is not negotiable. The word ‘contingency’ refers to contingency as to time, though it may also refer to other contingencies. First State Bank of Cheyenne v. Barton, 129 Okla., 67, 263 Pac., 142, 76 U. of Pa. L. Rev., 866; Puget Sound State Bank v. Washington Paving Co., 94 Wash., 504, 162 Pac., 870. Such a note is not a demand note within secs. 1(3) and 53. Ib.
“It is submitted that these cases holding an instrument payable at a fixed time but accelerable at the option of the payee or holder nonnegotiable are directly contrary to the plain meaning of this section. Such instruments are certainly payable ‘ on or before a fixed * * * time specified therein, ’ and to hold them nonnegotiable is certainly a spurious construction of the act. *464 Under a proper interpretation, these eases should be overruled. ’ ’
In my opinion, a promissory note payable at a fixed time but becoming due at the option of the holder when he deems himself insecure still remains a note payable on or before a fixed date, and the negotiability of the instrument is not impaired by the insecurity clause. See Dart Natl. Bank v. Burton, 258 Mich., 283, 241 N. W., 858.